UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 11-29178 |
| | ) | |
| OLSON RUG COMPANY, | ) | Chapter: 11 |
| | ) | |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

### INTERIM ORDER (A) AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION LEADERS BANK; (C) DEEMING LEADERS BANK ADEQUATELY PROTECTED THEREBY; AND (D) SCHEDULING A FINAL HEARING

Upon the emergency motion (the "Motion") of Olson Rug Company, as debtor and debtor in possession (the "Debtor") for entry of: (a) an order (i) authorizing the Debtor's use of cash collateral, (ii)(A) granting adequate protection to Leaders Bank and (B) deeming Leaders Bank adequately protected thereby, and (ii) scheduling a hearing to consider entry of the Final Cash Collateral Order; and (b) after further notice and a hearing, the Final Cash Collateral Order, authorizing the relief granted in the Interim Cash Collateral Order on a permanent basis; the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court having jurisdiction over the Motion pursuant to 28 U.S.C. § 1334; this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue being proper in this District pursuant to 28 U.S.C. § 1408; the Court having considered the Motion and determined that the relief requested therein is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; the Court having determined that notice of the Motion was good and sufficient under the particular circumstances and that no other and further notice need be given to consider the motion on an emergency basis and grant interim relief; now, therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtor is hereby authorized to continue to use Leaders Bank's Cash Collateral, including, without limitation, cash on hand, deposits, accounts receivable, and the proceeds of inventory in which Leaders Bank has, or may have, a security interest, as well as any other collateral in which Leaders Bank has or may have a security interest (the "Collateral") to pay operating expenses of the Debtor's business, including, without limitation, the completion of outstanding orders, the honoring of customer deposits and warranty claims, maintenance and repair expenses, utilities, employee compensation, payments to vendors and independent contractors, insurance, taxes, restructuring-related expenses, and the Monthly Loan Payments, as more specifically described in the Budget attached hereto as Exhibit 1. The Debtor's use of the Collateral as set forth herein is authorized through September 30, 2011, pending a final hearing on the Motion, and may not be extended other than on the express written consent of Leaders Bank or further order of this Court.

3. Adequate Protection. As adequate protection of Leaders Bank's interest in the Collateral (the "Adequate Protection"):

(a) the Debtor shall use the Cash Collateral, on an interim basis, to pay operating expenses of the

Debtor's business as described above pending a final hearing on the Motion;

(b) the Debtor shall use the Cash Collateral in accordance with the Budget and may exceed any individual line item in the Budget, as long as total expenditures do not exceed 110% of the total amount of the Budget;

(c) to the extent in any diminution in the value of the Collateral as a result of the Debtor's use of the Cash Collateral, Leaders Bank shall have a valid, binding, and enforceable and perfected replacement security interest in, and lien on, all of the Debtor's right, title, and interest in, to, and under all property and proceeds of the Debtor of the nature and type of the Collateral acquired after the Petition Date, including, without limitation, all cash and cash collateral of the Debtor, whether now existing or later acquired; and

(d) the Debtor shall further use the Cash Collateral to continue making the scheduled, monthly interest payments to Leaders Bank pursuant to the terms of the Loan Agreement at the prepetition, non-default rate.

4. Amendment of the Budget. The Debtor and Leaders Bank may mutually agree to amend the Budget at any time and without further order of this Court.

5. Leaders Bank Adequately Protected. Pending a final hearing on the Motion, the interests of Leaders Bank in and to the Collateral shall be deemed to be adequately protected by the Adequate Protection.

6. Final Hearing. A further and, unless the Court later determines otherwise, final hearing on the Motion and the Debtor's use of the Collateral, including, without limitation, the Cash Collateral, shall be held on __August 11__, 2011 at 10:30 .m. Central Time (the "Final Hearing"). Objections to the Motion and to the further use of the Collateral, including, without limitation, the Cash Collateral, shall be filed with the Court and served on the Debtor, Leaders Bank, and the Office of the United States Trustee by 4:00 p.m. Central Time on the day that is no less than seven days prior to the Final Hearing (the "Objection Deadline").

7. Notice of Final Hearing. On or before seven days following the entry of this Order, the Debtor shall serve a copy of this Order by first-class mail, and such other means as the Debtor deems fit, upon: (a) the Office of the United States Trustee; (b) counsel to Leaders Bank; (c) the Debtor's 20 largest unsecured creditors; (d) the Internal Revenue Service; (e) the Illinois Department of Revenue; and (f) any party that has appeared and/or requested notice ("Further Notice"). Such Further Notice once completed is, and shall be deemed to be, due and sufficient notice of the Motion pursuant to Bankruptcy Rules 2002 and 4001, and Local Rule 4001-2.

8. Effectiveness. This Order shall constitute findings of fact and conclusions of law and shall take effect upon the execution hereof as of the Petition Date; provided, however, that this Order shall be without prejudice to the right of any party in interest to object to the Motion on or before the Objection Deadline.

Enter: *Carl A. Doyle* PG

United States Bankruptcy Judge

Dated: 7/21/2011

**Prepared by:**

David J. Fischer (Atty. No. 813745)
Phillip W. Nelson (Atty. No. 6283615)
Joy Lyu Monahan (Atty. No. 6291826)
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, Suite 3000
Chicago, IL 60606-1229
Telephone: 312-201-2000
Facsimile: 312-201-2555

Rev: 201100318_bko