# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 Reorganization |
| OLSON RUG COMPANY,[1] | Case No. 11-29178 |
| Debtor. | Hon. Carol A. Doyle |

## NOTICE OF FINAL HEARING

TO: See attached Service List

      **PLEASE TAKE NOTICE** that on July 21, 2011, United States Bankruptcy Judge Carol A. Doyle entered the *Interim Order (a) Authorizing the Debtor's Use of Cash Collateral; (b) Granting Adequate Protection Leaders Bank; (c) Deeming Leaders Bank Adequately Protected Thereby; and (d) Scheduling a Final Hearing* [Docket No. 32] (the "***Interim Order***"), a copy of which is attached hereto as **Exhibit A** and hereby served upon you.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, a final hearing on the *Debtor's Emergency Motion for Entry of an Interim and, After Further Notice and Hearing, a Final Order (a) Authorizing the Debtor's Use of Cash Collateral; (b) Granting Adequate Protection to Leaders Bank; and (c) Deeming Leaders Bank Adequately Protected Thereby* [Docket No. 2] (the "***Cash Collateral Motion***"), a copy of which was previously served upon you, has been scheduled for Thursday, August 11, 2011 at 10:30 a.m. CT. (the "***Final Hearing***").

      **PLEASE TAKE FURTHER NOTICE** that on **Thursday, August 11, 2011 at 10:30 a.m. CT**, or as soon thereafter as counsel may be heard, the undersigned will appear, by and through its counsel, before United States Bankruptcy Judge Carol A. Doyle, or any other judge sitting in her stead, in Courtroom 742 in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois for the Final Hearing on the Cash Collateral Motion and shall seek entry of the Final Cash Collateral Order (as defined in the Cash Collateral Motion), at which time you may appear.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Interim Order, any objections to the Cash Collateral Motion must be filed with the Court and served upon the Debtor, Leaders Bank, and the U.S. Trustee (as each of those terms is defined in the Cash Collateral Motion) by 4:00 p.m. CT on August 4, 2011.

---

[1] The last four digits of the Debtor's federal tax identification number are: 6685. The location of the Debtor's corporate headquarters is 832 South Central Avenue, Chicago, Illinois 60644.

Dated: July 27, 2011

                               Respectfully submitted,

                               OLSON RUG COMPANY,
                               Debtor and Debtor in Possession


                               By:  */s/Phillip W. Nelson*
                                       One of Its Attorneys

David J. Fischer
Phillip W. Nelson
Joy Lyu Monahan
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, Illinois 60606
Telephone: 312-201-2575
Facsimile: 312-201-2555
fischer@wildman.com
pnelson@wildman.com
monahan@wildman.com
*Proposed Counsel to Olson Rug Company,*
*Debtor and Debtor in Possession*

2

## Exhibit A

**Interim Order**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 11-29178 |
| | ) | |
| OLSON RUG COMPANY, | ) | Chapter: 11 |
| | ) | |
| Debtor(s) | ) | |

**INTERIM ORDER (A) AUTHORIZING THE DEBTOR'S USE OF
CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION
LEADERS BANK; (C) DEEMING LEADERS BANK ADEQUATELY
PROTECTED THEREBY; AND (D) SCHEDULING A FINAL HEARING**

Upon the emergency motion (the "Motion") of Olson Rug Company, as debtor and debtor in possession (the "Debtor") for entry of: (a) an order (i) authorizing the Debtor's use of cash collateral, (ii)(A) granting adequate protection to Leaders Bank and (B) deeming Leaders Bank adequately protected thereby, and (ii) scheduling a hearing to consider entry of the Final Cash Collateral Order; and (b) after further notice and a hearing, the Final Cash Collateral Order, authorizing the relief granted in the Interim Cash Collateral Order on a permanent basis; the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court having jurisdiction over the Motion pursuant to 28 U.S.C. § 1334; this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue being proper in this District pursuant to 28 U.S.C. § 1408; the Court having considered the Motion and determined that the relief requested therein is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; the Court having determined that notice of the Motion was good and sufficient under the particular circumstances and that no other and further notice need be given to consider the motion on an emergency basis and grant interim relief; now, therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtor is hereby authorized to continue to use Leaders Bank's Cash Collateral, including, without limitation, cash on hand, deposits, accounts receivable, and the proceeds of inventory in which Leaders Bank has, or may have, a security interest, as well as any other collateral in which Leaders Bank has or may have a security interest (the "Collateral") to pay operating expenses of the Debtor's business, including, without limitation, the completion of outstanding orders, the honoring of customer deposits and warranty claims, maintenance and repair expenses, utilities, employee compensation, payments to vendors and independent contractors, insurance, taxes, restructuring-related expenses, and the Monthly Loan Payments, as more specifically described in the Budget attached hereto as Exhibit 1. The Debtor's use of the Collateral as set forth herein is authorized through September 30, 2011, pending a final hearing on the Motion, and may not be extended other than on the express written consent of Leaders Bank or further order of this Court.

3. Adequate Protection. As adequate protection of Leaders Bank's interest in the Collateral (the "Adequate Protection"):

(a) the Debtor shall use the Cash Collateral, on an interim basis, to pay operating expenses of the

Rev: 201100318_bko

Debtor's business as described above pending a final hearing on the Motion;

(b) the Debtor shall use the Cash Collateral in accordance with the Budget and may exceed any individual line item in the Budget, as long as total expenditures do not exceed 110% of the total amount of the Budget;

(c) to the extent in any diminution in the value of the Collateral as a result of the Debtor's use of the Cash Collateral, Leaders Bank shall have a valid, binding, and enforceable and perfected replacement security interest in, and lien on, all of the Debtor's right, title, and interest in, to, and under all property and proceeds of the Debtor of the nature and type of the Collateral acquired after the Petition Date, including, without limitation, all cash and cash collateral of the Debtor, whether now existing or later acquired; and

(d) the Debtor shall further use the Cash Collateral to continue making the scheduled, monthly interest payments to Leaders Bank pursuant to the terms of the Loan Agreement at the prepetition, non-default rate.

4. Amendment of the Budget. The Debtor and Leaders Bank may mutually agree to amend the Budget at any time and without further order of this Court.

5. Leaders Bank Adequately Protected. Pending a final hearing on the Motion, the interests of Leaders Bank in and to the Collateral shall be deemed to be adequately protected by the Adequate Protection.

6. Final Hearing. A further and, unless the Court later determines otherwise, final hearing on the Motion and the Debtor's use of the Collateral, including, without limitation, the Cash Collateral, shall be held on __August 11__, 2011 at __10:30__ .m. Central Time (the "Final Hearing"). Objections to the Motion and to the further use of the Collateral, including, without limitation, the Cash Collateral, shall be filed with the Court and served on the Debtor, Leaders Bank, and the Office of the United States Trustee by 4:00 p.m. Central Time on the day that is no less than seven days prior to the Final Hearing (the "Objection Deadline").

7. Notice of Final Hearing. On or before seven days following the entry of this Order, the Debtor shall serve a copy of this Order by first-class mail, and such other means as the Debtor deems fit, upon: (a) the Office of the United States Trustee; (b) counsel to Leaders Bank; (c) the Debtor's 20 largest unsecured creditors; (d) the Internal Revenue Service; (e) the Illinois Department of Revenue; and (f) any party that has appeared and/or requested notice ("Further Notice"). Such Further Notice once completed is, and shall be deemed to be, due and sufficient notice of the Motion pursuant to Bankruptcy Rules 2002 and 4001, and Local Rule 4001-2.

8. Effectiveness. This Order shall constitute findings of fact and conclusions of law and shall take effect upon the execution hereof as of the Petition Date; provided, however, that this Order shall be without prejudice to the right of any party in interest to object to the Motion on or before the Objection Deadline.

Rev: 201100318_bko

Enter: *Carl A. Doyle* PG

United States Bankruptcy Judge

Dated: 7/21/2011

**Prepared by:**

David J. Fischer (Atty. No. 813745)
Phillip W. Nelson (Atty. No. 6283615)
Joy Lyu Monahan (Atty. No. 6291826)
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, Suite 3000
Chicago, IL 60606-1229
Telephone: 312-201-2000
Facsimile: 312-201-2555

Rev: 201100318_bko

**Service List**

| | |
|---|---|
| Bruce Belson<br>1246 W. Neslon St., Apt. 1<br>Chicago, IL 60657 | Carpet Cushions & Supplies, Inc.<br>1520 Pratt Boulevard<br>Elk Grove Village, Illinois 60607<br>Attn: Jeffrey Karsen, President |
| Daltile Corporation<br>7834 C.F. Hawn Frwy.<br>Dallas, Texas 75217<br>Attn: Barbara Goetz | Dalyn Corporation<br>2386 Lakeland Rd.<br>Dalton, Georgia 30721<br>Attn: William L. Adams, CEO |
| Department of the Treasury, IRS<br>Centralized Insolvency Operations<br>P.O. Box 21126<br>Philadelphia, PA 19114 | Dex One Corporation<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801 |
| Fabrica International, Inc.<br>CT Corporation System<br>208 S. LaSalle St., Suite 814<br>Chicago, Illinois 60604<br>Attn: Registered Agent | Florstar Sales, Inc.<br>1075 Taylor Rd.<br>Romeoville, Illinois 60446<br>Attn: Scott Rozmus, President |
| Frame Hardwoods, Inc.<br>740 W. Industrial Dr.<br>Chelsea, Michigan 48118<br>Attn: David K. Frame | Dempster Harlen Venture, LLC<br>c/o Deborah M. Gutfeld<br>Neal, Gerber & Eisenberg LLP<br>Two North LaSalle Street, Suite 1700<br>Chicago, Illinois 60602 |
| Illinois Dep't Rev., Bankr. Sec.<br>Level 7-425<br>100 W. Randolph St.<br>Chicago, IL 60601 | Internal Revenue Service<br>Mail Stop 5010 CHI<br>230 S. Dearborn St.<br>Chicago, IL 60604 |
| Kancov Investment Limited Partnership<br>22750 Stansbury, Stuite 200<br>Farmington Hills, Michigan 48334<br>Attn: Michael N. Roth | Kane Carpet<br>125 North Industrial Blvd.<br>Calhoun, Georgia 30701<br>Attn: Herb Frank, President |
| Kraus U.S.A., Inc.<br>160 Amsler Avenue<br>Shippenville, Pennsylvania 16254<br>Attn: Richard Martin, Vice President | L.W. Mountain Hardwood Floors, Inc.<br>1615 Dundee Ave., Suite C<br>Elgin, Illinois 60120<br>Attn: Tom Miessler, COO |

| | |
|---|---|
| The Leaders Bank<br>2001 York Road, Suite 150<br>Oak Brook, IL 60523<br>Attn: Bill Navolio | Masland Carpets, LLC<br>CT Corporation System<br>208 S. LaSalle St., Suite 814<br>Chicago, Illinois 60604<br>Attn: Registered Agent |
| Mohawk Carpet Corp.<br>c/o Joseph C. Marycz<br>Collections Specialist<br>160 South Industrial Blvd.<br>Calhoun, Georgia 30701<br>Ref No. 17556429 | Oriental Weavers U.S.A., Inc.<br>330 Middle View Dr.<br>Ringgold, Georgia 30736<br>Attn: Matthew Brownfield |
| Patrick S. Layng<br>U.S. Trustee (Region 11)<br>c/o Cameron Gulden<br>219 S. Dearborn St., No. 878<br>Chicago, IL 60604 | Bruce Belson<br>c/o Paul W. Ryan, Esq.<br>Law Offices of Eugene K. Hollander<br>230 W. Monroe, Suite 1900<br>Chicago, IL 60606 |
| Phenix Flooring<br>999 Enterprise Dr.<br>Dalton, Georgia 30721<br>Attn: Dwayne Bledsoe, Credit Department | Shaw Industries, Inc.<br>616 East Walnut Ave.<br>Dalton, Georgia 30722<br>Attn: Vance D. Bell, President |
| Tribune Media Group<br>c/o Tribune Media Services, Inc.<br>435 N. Michigan Ave., Suite 600<br>Chicago, Illinois 60611<br>Attn: David P. Eldersveld | The Leaders Bank<br>c/o Edmond M. Burke and Eileen M. Sethna<br>Chuhak & Tecson, P.C.<br>30 South Wacker Drive, Suite 2600<br>Chicago, Illinois 60606 |

## Certificate of Service

      I, Phillip W. Nelson, an attorney, certify that on July 27, 2011, I caused a copy of the foregoing *Notice of Final Hearing* on the *Debtor's Emergency Motion for Entry of an Interim and, After Further Notice and Hearing, a Final Order (a) Authorizing the Debtor's Use of Cash Collateral; (b) Granting Adequate Protection to Leaders Bank; and (c) Deeming Leaders Bank Adequately Protected Thereby* [Docket No. 2], and a copy of the *Interim Order (a) Authorizing the Debtor's Use of Cash Collateral; (b) Granting Adequate Protection Leaders Bank; (c) Deeming Leaders Bank Adequately Protected Thereby; and (d) Scheduling a Final Hearing* [Docket No. 32], to be served on the foregoing Service List by U.S. mail, by 4:00 p.m. CT on the date hereof.

Date: July 27, 2011

                                            */s/Phillip W. Nelson*
                                            Phillip W. Nelson
                                            WILDMAN, HARROLD, ALLEN & DIXON LLP
                                            225 West Wacker Drive
                                            Chicago, Illinois 60606
                                            Telephone: 312-201-2575
                                            Facsimile: 312-201-2555
                                            pnelson@wildman.com