# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>OLSON RUG COMPANY,<br><br>Debtor. | Chapter 11 Reorganization<br><br>Case No. 11-29178<br><br>Hon. Carol A. Doyle |

### FINAL ORDER
### (A) AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL;
### (B) GRANTING ADEQUATE PROTECTION LEADERS BANK; AND
### (C) DEEMING LEADERS BANK ADEQUATELY PROTECTED THEREBY

Upon the emergency motion (the "Motion") of Olson Rug Company, as debtor and debtor in possession (the "Debtor") for entry of: (a) an order (i) authorizing the Debtor's use of cash collateral, (ii)(A) granting adequate protection to Leaders Bank and (B) deeming Leaders Bank adequately protected thereby, and (ii) scheduling a hearing to consider entry of the Final Cash Collateral Order; and (b) after further notice and a hearing, the Final Cash Collateral Order, authorizing the relief granted in the Interim Cash Collateral Order on a permanent basis; the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at an emergency hearing before the Court (the "Emergency Hearing"); the Court having entered an interim order on the Motion [Docket No. 32] which, among other things, scheduled a final hearing on the Motion (the "Final Hearing"); the Court having conducted the Final Hearing and having heard the statements of counsel regarding the relief request in the Motion at the Final Hearing; the Court having jurisdiction over the Motion pursuant to 28 U.S.C. § 1334; this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue being proper in this District pursuant to 28 U.S.C. § 1408; the Court having considered the Motion and determined that the relief requested therein is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; the Court having determined that notice of the Motion was good and sufficient under the particular circumstances and that no other and further notice need be given; now, therefore,

THE DEBTOR AND LEADERS BANK HEREBY STIPULATE THAT:

A. On July 15, 2011, (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

B. The Debtor has continued as debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. The Court has not directed the appointment of a trustee or examiner in this case, no party in interest has requested the appointment of a trustee or examiner, and the Untied States Trustee has not formed an official creditors' committee.

C. Debtor has represented that it is a family-owned business that currently operates a chain of 12 Chicago area stores specializing in the sale and installation of residential floor covering and related products. The Debtor believes that it is a viable business which has been affected by an adverse judgment and the downturn in the economy.

D. Leaders Bank holds a first priority security interest in and lien upon substantially all of the Debtor's personal property and other assets, including, without limitation all cash, equipment, inventory, and accounts receivable (collectively, the "Prepetition Collateral").

E. Based upon the Debtor's representation that needs cash in order to continue its operations, the relief requested in the Motion is appropriate.

F. The foregoing stipulations shall be binding upon the Debtor and Leaders Bank but shall not be binding upon the Court, the U.S. Trustee, or any other party in interest.

FURTHERMORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. Use of Cash Collateral. Provided there is no Event of Default (as defined below), the Debtor is hereby authorized to continue to use the Cash Collateral (as defined in the Motion), including, without limitation, cash on hand, deposits, accounts receivable, and the proceeds of inventory in which Leaders Bank has, or may have, a security interest, as well as any other collateral in which Leaders Bank has or may have a security interest (the "Collateral") to pay operating expenses of the Debtor's business, including, without limitation, the completion of outstanding orders, the honoring of customer deposits and warranty claims, maintenance and repair expenses, utilities, employee compensation, payments to vendors and independent contractors, insurance, taxes, restructuring-related expenses, and the Monthly Loan Payments, as more specifically described in the Budget attached hereto as Exhibit 1.

3. Updated Budgets. During this chapter 11 case, pending the confirmation of a plan of reorganization, the dismissal or conversion of this chapter 11 case, or a further order of this Court, the Debtor shall provide Leaders Bank with an updated Budget for each subsequent 12-week period following the expiration of the Budget then in effect. The Debtor shall provide Leaders Bank with the updated Budget no later than two weeks prior to the expiration of the Budget then in effect. By way of illustration, the Debtor shall provide Leaders Bank with a first updated Budget on or before September 16, 2011 (i.e., two weeks before the expiration of the current Budget on September 30, 2011), which shall cover the 12-week period running from the week ending October 7, 2011 through the week ending December 23, 2011.

4. Adequate Protection. As adequate protection of Leaders Bank's interest in the Collateral (the "Adequate Protection"):

(a) the Debtor shall use the Cash Collateral, to pay operating expenses of the Debtor's business as described above and subject to any further orders of the Court;

(b) the Debtor shall use the Cash Collateral in accordance with the Budget (as it shall be updated from time to time in accordance with Paragraph 3 of this Order) and may exceed any individual line item in the Budget, as long as the Debtor's total expenditures do not exceed 115% of the Budget;

(c) during the chapter 11 case, the Debtor shall provide Leaders Bank with weekly statements of cash flows, inventory, and aging of receivables;

(d) to the extent in any diminution in the value of the Collateral as a result of the Debtor's use of the Cash Collateral, Leaders Bank shall have a valid, binding, and enforceable and perfected replacement security interest in, and lien on, all of the Debtor's right, title, and interest in, to, and under all property and proceeds of the Debtor of the nature and type of the Collateral acquired after the Petition Date, including, without limitation, all cash and cash collateral of the Debtor, whether now existing or later acquired; and

(e) the Debtor shall further use the Cash Collateral to continue making the scheduled, monthly interest payments to Leaders Bank pursuant to the terms of the Loan Agreement at the prepetition, non-default rate.

5. Events of Default. The following shall each constitute an "Event of Default" under this Order:

(a) the Debtor shall fail to comply with any of the terms and conditions of this Order in any material respect;

(b) a trustee shall be appointed in this chapter 11 case;

(c) this chapter 11 case shall be dismissed involuntarily or converted to case under Chapter 7;

(d) the Debtor makes an impermissible transfer to any of its affiliate entities or insiders; or

(e) the Debtor's total expenditures exceed 115% of the total amount of the applicable 12-week Budget.

6. Upon the occurrence of an Event of Default, Leaders Bank may issue a written notice of the occurrence of the Event of Default (a "Notice of Default") to the Debtor, which shall be served upon the Debtor via overnight mail, messenger, or e-mail at the following addresses: (a) Olson Rug Company, c/o Paul Krein, Treasurer, at (i) Olson Rug Company, 832 South Central Avenue, Chicago, Illinois 60644 (Attention: Paul Krein, Treasurer) or (ii) paulk@olsonrug.com; and (ii) proposed counsel to the Debtor, c/o Phillip W. Nelson at (i) Wildman Harrold Allen & Dixon LLP, 225 West Wacker Drive, Suite 3000, Chicago, IL 60606 (Attention: Phillip W. Nelson) or (ii) pnelson@wildman.com.

7. If (a) the Debtor fails to cure such Event of Default within 5 days of the issuance of a Notice of Default, or (b) the Debtor and Leaders Bank are unable to resolve such Event of Default to the reasonable satisfaction of Leaders Bank, Leaders Bank may file a motion for relief

from the automatic stay to terminate the Debtor's right to use Leaders Bank's cash collateral, other than toward the satisfaction of the obligations owed to Leaders Bank, and to foreclose on Leaders Bank's collateral, including the Cash Collateral.

8. Amendment of the Budget. The Debtor and Leaders Bank may mutually agree to amend the Budget or any subsequent Budget at any time and without further order of this Court, and Leaders Bank shall not unreasonably withhold its consent to such amendment.

9. Leaders Bank Adequately Protected. The interests of Leaders Bank in and to the Collateral shall be deemed to be adequately protected by the Adequate Protection, subject to the right of Leaders Bank to file a motion seeking further adequate protection for cause shown in accordance with sections 361 and 363(e) of the Bankruptcy Code.

Dated: 8/30/11

Enter: _____
United States Bankruptcy Judge

**Prepared by:**

David J. Fischer (Atty. No. 813745)
Phillip W. Nelson (Atty. No. 6283615)
Joy Lyu Monahan (Atty. No. 6291826)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, Illinois 60606
Telephone: 312-201-2575
Facsimile: 312-201-2555

## Exhibit 1

## Budget

Case 11-29178 Doc 53 Filed 08/22/11 Entered 08/22/11 15:18:23 Desc Main Document Page 9 of 20

Olson Rug Company
(amounts in thousands)

| CASH FORECAST | Wk 1 7/15 Act. | Wk 2 7/22 Bud. | Wk 3 7/29 Bud. | Wk 4 8/5 Bud. | Wk 5 8/12 Bud. | Wk 6 8/19 Bud. | Wk 7 8/26 Bud. | Wk 8 9/2 Bud. | Wk 9 9/9 Bud. | Wk 10 9/16 Bud. | Wk 11 9/23 Bud. | Wk 12 9/30 Bud. | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cash Balance - Beginning | 264 | 325 | 343 | 324 | 260 | 294 | 327 | 165 | 152 | 210 | 245 | 244 | |
| **Cash Receipts** | | | | | | | | | | | | | |
| Sales | 180 | 180 | 180 | 180 | 220 | 220 | 220 | 220 | 230 | 230 | 230 | 230 | 2,520 |
| Rental Income | - | - | 14 | - | - | - | 14 | - | - | - | 14 | - | 42 |
| Total Cash Receipts | 180 | 180 | 194 | 180 | 220 | 220 | 234 | 220 | 230 | 230 | 244 | 230 | 2,562 |
| **Cash Disbursements - Operating** | | | | | | | | | | | | | |
| Vendor Payments | 52 | 104 | 104 | 104 | 127 | 127 | 127 | 127 | 133 | 133 | 133 | 133 | (1,404) |
| Advertising Production | - | - | - | 2 | - | - | 1 | - | 2 | 1 | - | 1 | (7) |
| Advertising Directory | - | - | - | 5 | - | - | - | 5 | - | - | - | 5 | (15) |
| Advertising Promotional | - | - | - | 30 | - | - | - | 30 | - | - | - | 30 | (90) |
| Rent | - | - | 44 | - | - | - | 44 | - | - | - | 44 | - | (132) |
| Real Estate Tax | - | - | 6 | 32 | - | - | 6 | - | - | - | 6 | - | (50) |
| Power | 4 | 3 | 4 | 3 | 4 | 3 | 4 | 3 | 4 | 3 | 4 | 2 | (41) |
| Telephone | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | (12) |
| Scavenger | - | - | - | 2 | - | - | - | 3 | - | 3 | - | 2 | (7) |
| Repairs & Maintenance | - | 2 | 1 | 2 | 1 | 2 | 1 | 2 | 1 | 2 | 1 | 2 | (18) |
| Protection | 1 | 1 | - | 1 | - | 1 | - | 1 | - | 1 | - | 2 | (6) |
| Insurance | - | - | 7 | 7 | - | - | - | 7 | - | - | - | 7 | (21) |
| Outside Labor | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Display & Samples | - | - | 1 | 1 | - | 1 | 1 | 1 | 1 | 1 | 1 | 1 | (10) |
| Measures | - | - | - | - | 2 | - | - | - | - | - | - | - | (2) |
| Signs - Perm. | - | - | - | 1 | - | - | 1 | 1 | - | - | - | - | (3) |
| Signs - Temp. | - | 1 | 1 | 1 | - | 1 | - | 1 | - | - | - | 1 | (6) |
| Payroll | 24 | 44 | 24 | 44 | 24 | 44 | 24 | 44 | 24 | 44 | 24 | 44 | (408) |
| Payroll Tax Expense | 2 | 4 | 2 | 4 | 2 | 4 | 2 | 4 | 2 | 4 | 2 | 4 | (36) |
| Payroll Fee | - | - | 1 | - | - | - | 1 | - | - | - | 1 | - | (2) |
| Lift Truck | - | - | 1 | - | - | - | 1 | - | - | - | 1 | - | (3) |
| Office Expense | - | - | 1 | - | - | - | 1 | - | 1 | - | - | - | (3) |
| Classified Adv. | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Professional Services | - | - | - | - | - | - | - | - | - | - | 1 | 1 | (9) |
| Travel | - | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | (22) |
| Vehicles | - | 2 | 2 | - | - | - | 2 | - | 1 | - | 2 | - | (7) |
| Collection Expense | - | - | 12 | - | - | - | 14 | - | - | - | 15 | - | (41) |
| Dues & Subscriptions | - | - | 1 | - | - | - | 1 | - | - | - | 1 | - | (3) |
| Messenger | - | - | - | 1 | - | - | - | - | - | - | - | - | (1) |
| Delivery Expense | - | - | 1 | - | - | - | 1 | - | - | - | 1 | - | (3) |
| Interest Expense | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Rebate Income | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Merchandising | - | - | - | - | - | - | - | - | - | - | - | 1 | (1) |
| Computer Expense | - | - | 1 | - | - | - | 1 | - | - | - | 1 | - | (3) |
| Customer Service | - | - | - | - | - | - | - | - | - | - | - | 1 | (1) |
| Sales & Use Tax | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Refunds & Misc. | - | - | 1 | - | - | - | 1 | - | - | - | 1 | - | (3) |
| Total Disbursements - Operating | 84 | 162 | 210 | 244 | 166 | 187 | 237 | 233 | 172 | 195 | 242 | 238 | (2,370) |
| Cash Flows from Operations | 96 | 18 | (16) | (64) | 54 | 33 | (3) | (13) | 58 | 35 | 2 | (8) | 192 |
| **Cash Disbursements - Restructuring** | | | | | | | | | | | | | |
| Legal Counsel | 35 | - | - | - | - | - | - | - | - | - | - | - | (35) |
| U.S. Trustee Fees | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Adequate Protection | - | - | 3 | - | - | - | 3 | - | - | - | 3 | - | (9) |
| 503(b)(9) Payments | - | - | - | - | - | - | 156 | - | - | - | - | - | (156) |
| Utility Deposits | - | - | - | - | 20 | - | - | - | - | - | - | - | (20) |
| Total Disbursements - Restructuring | 35 | - | 3 | - | 20 | - | 159 | - | - | - | 3 | - | (220) |
| Total Cash Disbursements | 119 | 162 | 213 | 244 | 186 | 187 | 396 | 233 | 172 | 195 | 245 | 238 | (2,590) |
| Cash Balance, Ending | 325 | 343 | 324 | 260 | 294 | 327 | 165 | 152 | 210 | 245 | 244 | 236 | 236 |