# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 Reorganization |
| OLSON RUG COMPANY, | Case No. 11-29178 |
| Reorganized Debtor. | Hon. Carol A. Doyle |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

Name of Applicant: Edwards Wildman Palmer LLP

Authorized to Provide Professional Services to: Debtor and Debtor in Possession

Date of Order Authorizing Employment: September 20, 2011

Period for Which Compensation Is Sought: July 15, 2011 through June 11, 2012

Amount of Fees Sought: $114,713.00[1]

Amount of Expense Reimbursement Sought: $10,072.03[2]

This is a: Second Interim and Final Fee Application

Prior fee applications filed herein by this professional:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 12/2/11 | 7/15/11 - 10/31/11 | $91,635.82 (Fees: $85,416.00) (Expenses: $6,219.82) | $91,144.05 (Fees: $85,416.00) (Expenses: $5,728.05 | $31,625.77 |

Dated: September 4, 2012          Applicant:  **Edwards Wildman Palmer LLP**

By:                     */s/ Phillip W. Nelson*

---

[1]   This fee amount is being submitted for final approval and includes $29,297.00 in fees for the period from November 1, 2011 through June 11, 2012, for which Edwards Wildman has not previously sought approval pursuant to an interim fee application.

[2]   This expense reimbursement amount is being submitted for final approval and includes $5,214.75 in expense reimbursement for the period from November 1, 2011 through June 11, 2012, for which Edwards Wildman has not previously sought approval pursuant to an interim fee application.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 Reorganization |
| OLSON RUG COMPANY,[1] | Case No. 11-29178 |
| Reorganized Debtor. | Hon. Carol A. Doyle |

**AMENDED SECOND INTERIM AND FINAL APPLICATION
OF EDWARDS WILDMAN PALMER LLP, COUNSEL TO OLSON RUG COMPANY
AS DEBTOR AND DEBTOR IN POSSESSION, FOR FINAL ALLOWANCE AND
PAYMENT OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES FOR
THE PERIOD FROM JULY 15, 2011 THROUGH AND INCLUDING JUNE 11, 2012**

David J. Fischer and the law firm of Edwards Wildman Palmer LLP ("***Edwards Wildman***") hereby apply to this Court (this "***Final Application***") for entry of an order substantially in the form attached hereto (the "***Proposed Order***") requesting final allowance and approval of compensation for professional services rendered to Olson Rug Company, the debtor and debtor in possession in this chapter 11 case (then, the "***Debtor***," now, the "***Reorganized Debtor***"), and reimbursement for actual and necessary expenses incurred in rendering such services from July 15, 2011 through October 31, 2011 (the "***First Interim Fee Period***") and from November 1, 2011, through June 11, 2012 (the "***Second Interim Fee Period***" and, together with the First Interim Fee Period, the "***Application Period***"), and respectfully represents as follows:

**<u>Jurisdiction and Venue</u>**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2.     Venue in this District is proper pursuant to 28 U.S.C. § 1408.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1]     The last four digits of the Debtor's federal tax identification number are: 6685.  The location of the Debtor's corporate headquarters is 832 South Central Avenue, Chicago, Illinois 60644.

3.      The bases for the relief requested herein are sections 327, 330, and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), Rule 5082-1 of the Local Bankruptcy Rules of this Court (the "***Local Rules***"), and the guidelines promulgated by the Office of the United States Trustee (the "***UST Guidelines***").

### Background

4.      On July 15, 2011 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.  During the chapter 11 case, the Debtor operated its business and managed its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no request for the appointment of a trustee or examiner has been made in this chapter 11 case, and no official committees have been appointed or designated.

5.      Prior to the Petition Date the Debtor retained the law firm of Wildman, Harrold, Allen & Dixon LLP ("***Wildman Harrold***") to advise the Debtor with respect to its in- and out-of-court restructuring alternatives and to assist the Debtor in carrying out its duties as a debtor in possession and represent its interests in this Chapter 11 Case.  On September 21, 2011, the Bankruptcy Court entered an order [Docket No. 70] authorizing the Debtor to retain Wildman Harrold as its restructuring counsel in connection with this Chapter 11 Case.  On October 1, 2011 Wildman Harrold merged with Edwards, Angell, Palmer & Dodge LLP to become Edwards Wildman Palmer LLP.  Since that time, Edwards Wildman has continued to represent the Debtor as its restructuring counsel in this chapter 11 case.

6.      On November 2, 2011, Edwards Wildman filed the *Supplemental Declaration of David J. Fischer in Support of Debtor's Application for Entry of an Order Authorizing and*

*Approving the Employment and Retention of Edwards Wildman Palmer LLP (Formerly Known as Wildman, Harrold, Allen & Dixon LLP) as Attorneys for the Debtor, Retroactive to the Petition Date* [Docket No. 80]—which, among other things, disclosed that a review of Edwards Wildman's connections to creditors and other parties in interest in this chapter 11 case did not reveal any connections or interests that affected the disinterestedness of the combined firm, and that Edwards Wildman remained a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

7.    On December 2, 2011, Edwards Wildman filed the *First Interim Fee Application of Edwards Wildman Palmer LLP, Counsel to Olson Rug Company as Debtor and Debtor in Possession for Allowance of Compensation and Reimbursement of Expenses for the Period from July 15, 2011 through October 31, 2011* [Docket No. 103] (the "**First Interim Fee Application**").  In its First Interim Fee Application, Edwards Wildman sought allowance and payment of $85,416.00 in fees and $6,219.82 in costs.  On December 22, 2011, this Court entered an order allowing Edwards Wildman $91,144.05 in interim compensation and reimbursement of expenses incurred during the First Interim Fee Period [Docket No. 117], attached hereto as **Exhibit A** (the "**First Fee Order**").[2]

8.    On February 21, 2012, the Court approved the *Disclosure Statement for the First Amended Plan of Reorganization of Olson Rug Company Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 83] (the "**Amended Disclosure Statement**") and confirmed the *Second Amended Plan of Reorganization of Olson Rug Company Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 124] (the "**Second Amended Plan**").  *See Order (A) Approving*

---

[2]    The reimbursements reflected in the First Fee Application were reduced to $5,728.05 by Edwards Wildman subsequent to the filing of the First Fee Application. The court then entered the First Fee Order which reflects the reduced reimbursement amount.  In this Final Application, Edwards Wildman is seeking final allowance of the reimbursements incurred in the First Interim Fee Period in the amount specified in the First Fee Order.

*the Adequacy of the Disclosure Statement for, and (B) Confirming, the Second Amended Plan of*

*Reorganization of Olson Rug Company Pursuant to Chapter 11 of the Bankruptcy Code* [Docket

No. 127] ("**Confirmation Order**").   The Second Amended Plan became effective on June 11,

2012 (the "**Effective Date**"), and Olson Rug Company emerged from chapter 11 protection

(thereafter, the "**Reorganized Debtor**").   *See Notice of (I) Order (A) Approving the Adequacy of*

*the Disclosure Statement for, and (B) Confirming, the Second Amended Plan of Reorganization*

*of Olson Rug Company Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of*

*the Effective Date* [Docket No. 145].

     9.    Prior to the Petition Date, the Debtor gave Edwards Wildman a retainer totaling

$60,000 (the "**Retainer**") against which Wildman could draw to pay its outstanding fees and

expenses at any time.   Prior to the commencement of Debtor's chapter 11 case, Edwards

Wildman applied the Retainer to its outstanding fees and expenses, leaving a balance of

$16,650.62.   Pursuant to the First Fee Order, Edwards Wildman applied the remaining

$16,650.62 of the Retainer to the professional fees and reimbursement of expenses incurred by

Edwards Wildman during the First Interim Fee Period.   Subsequently, the Debtor has also made

partial payments pursuant to the First Fee Order totaling $14,975.15, which was applied to the

payment of professional fees and reimbursement of expenses incurred by Edwards Wildman

during the First Interim Fee Period approved pursuant to the First Fee Order.

<u>**Narrative Summary of Professional Services**</u>

     10.    Since Edwards Wildman's retention, and throughout the Application Period,

Edwards Wildman has devoted a substantial amount of time and resources to assist the Debtor in

virtually every aspect of the Debtor's operations, including: the drafting, filing and presentment

of numerous motions; obtaining post-petition use of its senior secured lender's cash collateral;

negotiating and seeking approval for the amendment of two of the Debtor's store leases; and preparation of schedules and financial reports.

11.     For example, in connection with the Debtor's chapter 11 filing, the Edwards Wildman prepared and filed several "first-day" motions to allow the Debtor to continue operating its business as a debtor in possession uninterrupted.  Furthermore, Edwards Wildman also prepared a motion, and successfully obtained relief from the Court, for authority that allowed the Debtor to pay administrative claims of its vendors for goods delivered in the 20 days prior to the Petition Date pursuant to section 503(b)(9) of the Bankruptcy Code in exchange for renewed trade credit and discounted trade terms on a postpetition basis [Docket No. 36] (the "***503(b)(9) Motion***").   Following the entry of this Court's order on the 503(b)(9) Motion, Edwards Wildman also advised the Debtor in the negotiation and documentation of go-forward trade agreements with its vendors and the documentation of the Debtor's payment of 503(b)(9) claims.  These efforts: (a) allowed the Debtor to maintain its strong working relationships with its vendors, a key constituency; (b) restored the Debtor's trade credit and preserved the Debtor's liquidity; (c) allowed the Debtor to continue to receive the benefits of discounts on purchased goods through continued extension trade terms; and (d) ensured that the Debtor would continue to have uninterrupted access to product and the ability to provide on-time delivery to its customers during the chapter 11 case.  Taken together, these efforts provided the Debtor with a seamless transition into chapter 11, avoiding disruption to its business at a critical time in the company's lifecycle.

12.     In addition, the Debtor has taken advantage of the chapter 11 toolbox to adjust its going forward obligations by negotiating substantial improvements with respect to two of its unexpired nonresidential real property leases.  Edwards Wildman attorneys advised the Debtor

with respect to memorializing the needed amendments to these leases, and negotiated with counsel to the Debtor's landlords to complete the amendments. In addition, Edwards Wildman prepared and filed a motion seeking an order from this Court authorizing the Debtor to enter into the amendments to theses leases and assume the leases as amended [Docket No. 76] (the "**Lease Assumption Motion**"). On October 20, 2011, this Court entered an order on the Lease Assumption Motion, allowing the Debtor to assume the two leases as amended, thereby significantly reducing the Debtor's costs for maintaining its operations at the two related store locations.

13.     Most significantly, during the Second Interim Fee Period, Edwards Wildman also successfully solicited and obtained confirmation of the Second Amended Plan, following a contested confirmation hearing on February 21, 2012. Finally, Edwards Wildman objected to the largest general unsecured claim in the Debtor's chapter 11 cases, filed by Bruce Belson, a former employee. Mr. Belson's claim, originally totaling over $356,000, also asserted a right to priority treatment with respect to $11,725.00 of the claim pursuant to section 507(a)(4) of the Bankruptcy Code. As noted in the *Debtor Olson Rug Company's Objection to Proof of Claim No. 21 Filed by Bruce Belson* [Docket No. 128] (the "**Objection**"), Mr. Belson's priority claim would have constituted a substantial, and unwarranted, cash burden upon the Reorganized Debtor upon emergence. Moreover, the sheer size of Mr. Belson's claim in comparison with the rest of the Debtor's general unsecured claims meant that allowance of the claim at the full amount asserted would have a dramatic impact on unsecured creditor recoveries. Accordingly, in the Objection, Edwards Wildman argued that Mr. Belson's claim was not entitled to priority treatment pursuant to section 507(a)(4) of the Bankruptcy Code, and that the total amount of Mr. Belson's claim should be capped at approximately $49,193.12 pursuant to section 502(b)(7) of the Bankruptcy

Code.  Ultimately, the Court agreed and sustained the Objection to Mr. Belson's claim. Prevailing on the Objection eliminated Mr. Belson's priority claim, improving the Reorganized Debtors' liquidity significantly, and reduced Mr. Belson's general unsecured claim—which will significantly improve the recoveries of other general unsecured creditors.

14.    In total, Edwards Wildman attorneys and paraprofessionals have spent 400.25 hours providing legal services to the Debtor during through from the commencement of this case through the Effective Date (including time voluntarily written off).  The status of the case is such that the Reorganized Debtor has confirmed a plan of reorganization and emerged from chapter 11 protection, and continues to operate and sell residential floor coverings and related products. Presently, the Reorganized Debtor is reviewing the claims filed in this chapter 11 case with the assistance of Edwards Wildman and working with creditors to obtain voluntary reductions or withdrawals of claim (which will limit the need to file formal claim objections).  The Reorganized Debtor expects to complete this process quickly, which will allow the Reorganized Debtor to begin making distributions on general unsecured claims and file an application for a final decree in this case.

### Requested Award

15.    By this application, Edwards Wildman seeks an award of $114,713.00 in compensation for professional services rendered, and the reimbursement of $10,072.03 for costs incurred incidental to those services during the Application Period, on a final basis.

16.    Edwards Wildman has previously filed one interim application for professional compensation with this Court, the First Interim Fee Application, and the Court approved that application and authorized the Debtor to pay Edwards Wildman $85,416.00 for professional fees and $5,728.05 for the reimbursement of expenses incurred by Edwards Wildman during the First

Interim Fee Period pursuant to the First Fee Order.  Edwards Wildman now seeks the final approval of the compensation and expense reimbursement previously approved on an interim basis pursuant to the First Fee Order.

17.    During the Second Interim Fee Period, Edwards Wildman rendered compensable professional services to the Debtor totaling $54,297.00 and incurred reimbursable expenses on behalf of the Debtor totaling $5,214.75.   After internal review, Edwards Wildman made voluntary reductions of $13,458.84 to the fees and expenses billed to the Debtor during the Second Interim Period.  In addition, after discussions with the Reorganized Debtor, Edwards Wildman has agreed to accept a $25,000 across-the-top reduction to the aggregate amount of fees and expenses sought for the Application Period to accommodate the Reorganized Debtor's liquidity concerns.  To simplify the accounting for this additional reduction, Edwards Wildman has applied this additional reduction to its fees for the Second Interim Fee Period.  Thus, for the Second Interim Period, Edwards Wildman is requesting approval of $29,297.00 in fees and $5,214.75 in expenses on a final basis.

18.    Accordingly, during the Application Period, Edwards Wildman took voluntary reductions in fees and costs of $43,626.34 in the aggregate, consisting of: (a) $5,167.50 for the First Interim Fee Period (as described in the First Interim Fee Application), (b) $38,548.84 for the Second Interim Fee Period (as described above).

19.    The fees sought in this Final Application reflect an aggregate of 385.8 hours expended by Edwards Wildman attorneys and paraprofessionals during the Application Period rendering necessary and beneficial legal services to the Debtor at a blended average rate of $362.14 for both attorneys and paraprofessionals (or $367.96 for attorneys only).  The hourly rates and corresponding rate structure utilized by Edwards Wildman in the chapter 11 case are

equivalent to the hourly rates and corresponding rate structure predominantly used by Edwards Wildman for restructuring, workout, bankruptcy, insolvency, and comparable matters whether in court or otherwise, regardless of whether a fee application is required.  In addition, the hourly rates charged by Edwards Wildman for the services rendered in connection with the Debtor's case compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise.

20.      Edwards Wildman's hourly rates are set at a level designed to compensate Edwards Wildman fairly for the work of its professionals and paraprofessionals and to cover fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

21.      Edwards Wildman regularly reviews its bills to ensure that the Debtor is only billed for services that were actual and necessary.  Moreover, in accordance with the UST Guidelines, Edwards Wildman regularly reduces its expenses, particularly expenses related to travel and overtime meals.

22.      No understanding exists between Edwards Wildman and any other person for the sharing of compensation sought by Edwards Wildman, except among the partners and associates of Edwards Wildman as a firm.

### Professional Services Rendered

23.      As stated above, this Court has already reviewed and granted the First Interim Fee Application, authorizing and directing the Debtor to pay Edwards Wildman $91,144.05 in the aggregate for its allowed fees and expenses incurred during the First Interim Fee Period.  *See* Exhibit A.      During the Second Interim Fee Period, Edwards Wildman attorneys and

9

paraprofessionals spent 162.5 hours providing legal services to the Debtor.  A schedule showing

the name and position of each attorney and paraprofessional, the year in which each attorney was

first licensed to practice law and the year in which each attorney graduated from law school, the

hours worked during the Second Interim Fee Period, and each person's hourly billing rate is

attached hereto as **Exhibit B**.

24.     By this application, Edwards Wildman seeks of compensation for attorney and

paraprofessional services rendered during the Application Period.  The following table consists

of a breakdown of the amount of fees incurred by each Edwards Wildman attorney and

paraprofessional, including each such professional or paraprofessional's position and year

admitted to the practice of law (if applicable), department, hourly rate, total hours expended in

providing services in this chapter 11 case, and the value attributable to such services:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| David J. Fischer | Partner | 1977 | Restructuring | $625.00 | 4.2 | $2,821.50 |
| | | | | $655.00 | 0.3 | |
| Joseph Bender | Partner | 1993 | Tax | $500.00 | 5.2 | $2,600.00 |
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 228.7 | $109,283.50 |
| | | | | $415.00 | 42.9 | |
| Joy L. Monahan | Associate | 1997 | Restructuring | $375.00 | 3.3 | $1,237.50 |
| Tamer Tullgren | Associate | 2005 | Corporate | $330.00 | 1.7 | $561.00 |
| Yeny C. Estrada | Associate | 2009 | Restructuring | $225.00 | 27.0 | $8,598.50 |
| | | | | $245.00 | 10.3 | |
| Michael B. Kind | Associate | 2011 | Restructuring | $230.00 | 14.3 | $11,338.00 |
| | | | | $245.00 | 32.9 | |
| **Sub-Total** | | | | | **370.8** | **$136,440.00** |

| Paraprofessional | Position | Department | Rate | Hours | Total |
|---|---|---|---|---|---|
| Trish Moroz | Paralegal | Real Estate | $235.00 | 9.0 | $2,115.00 |
| Jeannie Ha | Paralegal | Business Law | $200.00 | 5.4 | $1,143.00 |
| | | | $210.00 | 0.3 | |
| Camille S. Jones | Researcher | Library | $50.00 | 0.3 | $15.00 |
| **Sub-Total** | | | | **15.0** | **$3,273.00** |

| | | Total | | **385.8** | **$139,713.00** |
|---|---|---|---|---|---|

10

25.     In order to conform to the UST Guidelines, Edwards Wildman has classified its

services into fifteen (15) separate categories, as generally described below:

| Matter No. | Matter Description |
|---|---|
| 2 | Chapter 11 Bankruptcy Filing |
| 5 | Automatic Stay Issues |
| 7 | Business Operations |
| 8 | Case Administration |
| 9 | Cash and Financing Issues (Including Cash Collateral) |
| 10 | Claim Issues |
| 11 | Committee, Creditor and Shareholder Communications |
| 13 | Contract and Lease Issues |
| 18 | Plan, Disclosure Statement, and Exit Planning |
| 19 | Hearings |
| 20 | Edwards Wildman Retention Issues |
| 22 | Schedules of Assets and Liabilities and Statements of Financial Affairs |
| 23 | Supplier and Vendor Issues |
| 24 | Utility Issues |
| 25 | Tax Issues |

26.     The following table summarizes Edwards Wildman's fees and expenses incurred

during the Application Period, broken down by project category:

| Matter Number | Matter Description | Hours | Fees | Expenses | Total |
|---|---|---|---|---|---|
| 2 | Chapter 11 Bankruptcy Filing | 19.7 | $7,397.50 | $1,955.21 | $9,352.71 |
| 5 | Automatic Stay Issues | 0.4 | $160.00 | $0.00 | $160.00 |
| 7 | Business Operations | 0.7 | $392.50 | $0.00 | $392.50 |
| 8 | Case Administration | 15.5 | $4,810.00 | $2,610.02 | $7,420.02 |
| 9 | Cash and Financing Issues | 18.5 | $7,412.00 | $0.00 | $7,412.00 |
| 10 | Claim Issues | 43.1 | $12,536.50 | $803.14 | $13,339.64 |
| 11 | Committee, Creditor, and Shareholder Communications | 0.9 | $517.50 | $0.00 | $517.50 |
| 13 | Contract and Lease Issues | 31.4 | $10,785.00 | $584.73 | $11,369.73 |
| 18 | Plan, Disclosure Statement, and Exit Planning | 156.6 | $60,511.50 | $3,943.43 | $64,454.93 |
| 19 | Hearings | 13.8 | $5,520.00 | $0.00 | $5,520.00 |

| 20 | Edwards Wildman Retention Issues | 35.4 | $10,693.00 | $135.00 | $10,828.00 |
|---|---|---|---|---|---|
| 22 | Schedules, Sofas, and Monthly Operating | 11.8 | $4,695.00 | $40.50 | $4,735.50 |
| 23 | Supplier and Vendor Issues | 22.5 | $8,010.00 | $0.00 | $8,010.00 |
| 24 | Utility Issues | 7.4 | $2,662.50 | $0.00 | $2,662.50 |
| 25 | Tax Issues | 8.1 | $3,610.00 | $0.00 | $3,610.00 |
| **Totals** | | **385.8** | **$139,713.50** | **$10,072.03** | **$149,785.03** |

27.     The following is a summary, by project category, of the legal services rendered by Edwards Wildman during the Application Period:

**A.     Chapter 11 Bankruptcy Filing – Matter No. 2
(Fees: $7,397.50; Hours: 19.7)**

28.     This matter includes time spend by Edwards Wildman professionals and paraprofessionals rendering services relating to the filing of the Debtor's chapter 11 petition and various "first-day" pleadings and related notices, including, without limitation, (a) reviewing, revising, and filing the Debtor's "first-day" pleadings and notices, (b) coordinating with the U.S. Trustee regarding such pleadings, (c) coordinating service of the pleadings and notices, and (d) preparing for the "first-day" hearing, including preparing potential witnesses in connection with certain of the first-day motions.

29.     Specifically, as noted above, the Debtor filed several motions seeking orders authorizing the Debtor to, among other things: (a) honor customer obligations and continue customer programs; (b) maintain its cash management system; (c) use its prepetition bank accounts, checks, and other business forms; (d) establish adequate assurance of payment for the Debtor's utilities and prevent utility companies from discontinuing services; (e) pay prepetition claims of independent contractors who are critical to the Debtor's business; and (f) pay prepetition employee wages and benefits.  Entry of these orders eased the strain on the Debtor's

relationships with employees, vendors, and customers as a consequence of the commencement of the chapter 11 case.

30.     The following is a breakdown of the professionals and paraprofessionals who provided services in this project category during the Application Period:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| David J. Fischer | Partner | 1977 | Restructuring | $625.00 | 0.6 | $375.00 |
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 14.7 | $5,880.00 |
| Joy L. Monahan | Associate | 1997 | Restructuring | $375.00 | 1.5 | $562.50 |
| **Sub-Total** | | | | | **16.8** | **$6,817.50** |

| Paraprofessional | Position | Department | Rate | Hours | Total |
|---|---|---|---|---|---|
| Jeannie Ha | Paralegal | Business Law | $200.00 | 2.9 | $580.00 |
| **Sub-Total** | | | | **2.9** | **$580.00** |

| **Total** | **19.7** | **$7,397.50** |
|---|---|---|

**B.      Automatic Stay Issues – Matter No. 5**
**(Fees: $160.00; Hours: 0.4)**

31.     This matter includes time spent by Edwards Wildman professionals rendering services related to the imposition, enforcement, and continuation of the automatic stay. Specifically, Edwards Wildman attorneys prepared a notice of bankruptcy and suggestion of stay with respect to certain prepetition litigation in which the Debtor was a defendant.

32.     The following is a breakdown of the professionals and paraprofessionals who provided services in this project category during the Application Period:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 0.4 | $160.00 |
| **Total** | | | | | **0.4** | **$160.00** |

**C.      Business Operations – Matter No. 7**
**(Fees: $392.50; Hours: 0.7)**

33.     This matter includes time spent by Edwards Wildman professionals rendering

services relating to the Debtor's business operations as a chapter 11 debtor in possession. Specifically, Edwards Wildman attorneys provided the Debtor with advice regarding certain business relationships and the possible disposition of certain assets.

34.     The following is a breakdown of the professionals and paraprofessionals who provided services in this project category during the Application Period:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| David J. Fischer | Partner | 1977 | Restructuring | $625.00 | 0.5 | $312.50 |
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 0.2 | $80.00 |
| **Total** | | | | | **0.7** | **$392.50** |

**D.    Case Administration – Matter No. 8**
**(Fees: $4,810.00; Hours: 15.7)**

35.     This matter includes time spent by Edwards Wildman professionals and paraprofessionals rendering services relating to the general administration of the Debtor's chapter 11 case, including, without limitation: (a) assisting the Debtor with the preparation and filing of the Debtor's monthly operating reports; (b) ensuring compliance with service and notice requirements under the Bankruptcy Code, Bankruptcy Rules, and the Local Rules, and all other applicable requirements incumbent upon a debtor in possession; and (c) ensuring payment of the administrative expenses incurred in this case, including, without limitation the U.S. Trustee fees.

36.     The following is a breakdown of the professionals and paraprofessionals who provided services in this project category during the Application Period:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 8.2 | $3,280.00 |
| Yeny C. Estrada | Associate | 2009 | Restructuring | $225.00 | 4.6 | $1,035.00 |
| **Sub-Total** | | | | | **12.8** | **$4,315.00** |

| Paraprofessional | Position | Department | Rate | Hours | Total |
|---|---|---|---|---|---|
| Jeannie Ha | Paralegal | Business Law | $200.00 | 2.4 | $480.00 |
| Camille S. Jones | Researcher | Library | $50.00 | 0.3 | $15.00 |
| **Sub-Total** | | | | **2.7** | **$495.00** |

| Total | | | | | Hours | Total |
|---|---|---|---|---|---|---|
| **Total** | | | | | **15.5** | **$4,810.00** |

**E.     Cash and Financing Issues (Including Cash Collateral) – Matter No. 9
(Fees: $7,412.00; Hours: 18.5)**

37.     This matter includes time spent by Edwards Wildman professionals rendering services related to the Debtor's use of it prepetition senior secured lender's cash collateral, including, without limitation: (a) working with the Debtor's treasurer drafting, filing, and presenting a motion authorizing the Debtor to use its prepetition senior secured lender's cash collateral; (b) negotiating with the Debtor's secured lender with respect to the terms of interim and final orders authorizing the Debtor to use the lender's cash collateral during the chapter 11 case; and (c) assisting the Debtor with its reporting obligations under the terms of the final cash collateral order.

38.     The following is a breakdown of the professionals and paraprofessionals who provided services in this project category during the Application Period:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 17.7 | $7,412.00 |
| | | | | $415.00 | 0.8 | |
| **Total** | | | | | **18.5** | **$7,412.00** |

15

**F.      Claim Issues – Matter No. 10**
         **(Fees: $12,536.50; Hours: 43.1)**

39.      This matter includes time spent by Edwards Wildman professionals rendering services relating to the administration and resolution of various claims against the Debtor's estate, including, without limitation: (a) reviewing and analyzing claims filed in this chapter 11 case; (b) drafting, filing, and presenting a motion to set deadlines for filing proofs of claim in the chapter 11 case; and (c) providing the Debtor's creditors with notice of the claims bar dates established by the Court.   This matter also includes time spent by Edwards Wildman professionals drafting the Objection and supporting reply with respect to Mr. Belson's claim.

40.      The following is a breakdown of the professionals and paraprofessionals who provided services in this project category during the Application Period:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 4.2 | $4,917.00 |
| | | | | $415.00 | 7.8 | |
| Yeny C. Estrada | Associate | 2009 | Restructuring | $245.00 | 6.1 | $1,494.50 |
| Michael B. Kind | Associate | 2011 | Restructuring | $245.00 | 25.0 | $6,125.00 |
| **Total** | | | | | **43.1** | **$12,536.50** |

**G.      Committee, Creditor, and Shareholder Communications – Matter No. 11**
         **(Fees: $517.50; Hours: 0.9)**

41.      This matter includes time spent by Edwards Wildman professionals responding to miscellaneous creditor inquiries about the Debtor's chapter 11 case, ongoing operations, prospects for successful emergence from bankruptcy protection, and treatment of claims.

42.     The following is a breakdown of the professionals and paraprofessionals who provided services in this project category during the Application Period:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| David J. Fischer | Partner | 1977 | Restructuring | $625.00 | 0.7 | $437.50 |
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 0.2 | $80.00 |
| **Total** | | | | | **0.9** | **$517.50** |

H.     **Contract and Lease Issues – Matter No. 13**
       **(Fees: $10,785.00; Hours: 31.4)**

43.     This matter includes time spent by Edwards Wildman professionals rendering services relating to the Debtor's executory contracts and unexpired leases, including, without limitation: (a) reviewing and analyzing the Debtor's contractual obligations; (b) assisting the Debtor's management with the negotiation of amendments to the Debtor's nonresidential real property leases related to its retail store locations and the payment of cure claims as to the assumed leases; (c) preparing, filing, and presenting the a motion to assume two of the Debtor's store leases on modified terms.

44.     The following is a breakdown of the professionals and paraprofessionals who provided services in this project category during the Application Period:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| David J. Fischer | Partner | 1977 | Restructuring | $625.00 | 0.7 | $437.50 |
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 19.4 | $2,587.50 |
| Michael B. Kind | Associate | 2011 | Restructuring | $230.00 | 11.3 | $2,599.00 |
| **Total** | | | | | **31.4** | **$10,785.00** |

I.     **Plan, Disclosure Statement, and Exit Planning – Matter No. 18**
       **(Fees: $60,511.50; Hours: 156.6)**

45.     This matter includes time spent by Edwards Wildman professionals negotiating, researching, and drafting documents related to the Second Amended Plan and Amended Disclosure Statement.  During the Application Period, Edwards Wildman professionals spent

substantial time negotiating and drafting the Second Amended Plan and Amended Disclosure Statement, including, without limitation, (a) assisting the Debtor's management with the preparation of the liquidation analysis and financial projections that support the Second Amended Plan and (b) preparing for and litigating a contested hearing on confirmation of the Second Amended Plan. As a result of these efforts, the Debtor successfully obtained confirmation of the Second Amended Plan and approval of the Amended Disclosure Statement on February 21, 2012.

46. The following is a breakdown of the professionals and paraprofessionals who provided services in this project category during the Application Period:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| David J. Fischer | Partner | 1977 | Restructuring | $625.00 | 1.2 | $946.50 |
| | | | | $655.00 | 0.3 | |
| Joseph Bender | Partner | 1993 | Tax | $500.00 | 1.5 | $750.00 |
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 98.9 | $53,753.00 |
| | | | | $415.00 | 34.2 | |
| Tamer Tullgren | Associate | 2005 | Corporate | $330.00 | 1.7 | $561.00 |
| Yeny C. Estrada | Associate | 2009 | Restructuring | $245.00 | 1.5 | $367.50 |
| Michael B. Kind | Associate | 2011 | Restructuring | $245.00 | 7.9 | $1,935.50 |
| Sub-Total | | | | | 147.2 | $58,313.50 |

| Paraprofessional | Position | Department | Rate | Hours | Total |
|---|---|---|---|---|---|
| Trish Moroz | Paralegal | Real Estate | $235.00 | 9.0 | $2,115.00 |
| Jeannie Ha | Paralegal | Business Law | $200.00 | 0.1 | $83.00 |
| | | | $210.00 | 0.3 | |
| Sub-Total | | | | 9.4 | $2,198.00 |

| Total | | | | 156.6 | $60,511.50 |
|---|---|---|---|---|---|

**J.    Hearings – Matter No. 19**
**(Fees: $5,520.00; Hours: 13.8)**

47. This matter includes time spent by Edwards Wildman professionals preparing for and attending hearings on behalf of the Debtor, and related telephone conferences and correspondence with various counsel and the Debtor's management. During the Application

Period, Edwards Wildman professionals attended hearings on July 20 and 28, 2011; August 9, 11, and 30, 2011; September 20 and 29, 2011; October 11 and 20, 2011; and November 1 and December 22, 2011.

48.    The following is a breakdown of the professionals and paraprofessionals who provided services in this project category during the Application Period:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 13.8 | $5,520.00 |
| **Total** | | | | | **13.8** | **$5,520.00** |

**K.    Edwards Wildman Retention Issues – Matter No. 20**
   **(Fees: $10,693.00; Hours: 35.4)**

49.    This matter includes times spent by Edwards Wildman professionals preparing Edwards Wildman's employment application, supplemental disclosures, invoices, and other documents related to Edwards Wildman's retention.  During the Application Period, Edwards Wildman professionals spent time preparing Edwards Wildman's retention application and reviewing Edwards Wildman's initial invoices to ensure compliance with all requirements under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the UST Guidelines. Following the merger of Wildman Harrold and Edwards, Angell, Palmer & Dodge LLP, as described above, Edwards Wildman completed a comprehensive conflicts review of the combined firm to ensure that Edwards Wildman remained a "disinterested person" within the meaning of the Bankruptcy Code, and prepared and filed a supplemental declaration disclosing additional connections discovered as a result of this conflicts review.

50.    The following is a breakdown of the professionals and paraprofessionals who provided services in this project category during the Application Period:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 14.4 | $5,801.50 |
| | | | | $415.00 | 0.1 | |
| Joy L. Monahan | Associate | 1997 | Restructuring | $375.00 | 0.8 | $300.00 |
| Yeny C. Estrada | Associate | 2009 | Restructuring | $225.00 | 14.4 | $3,901.50 |
| | | | | $245.00 | 2.7 | |
| Michael B. Kind | Associate | 2011 | Restructuring | $230.00 | 3.0 | $690.00 |
| **Total** | | | | | **35.4** | **$10,693.00** |

**L.    Schedules of Assets and Liabilities and
Statements of Financial Affairs – Matter No. 22
(Fees: $4,695.00; Hours: 11.8)**

51.    This matter includes time spent by Edwards Wildman professionals working with the Debtor's management to prepare the Debtor's schedules of assets and liabilities and statement of financial affairs (the "***Schedules and Statements***"), and amendments to the same. During the Application Period, Edwards Wildman professionals worked extensively with the Debtor's management in connection with the preparation of the Schedules and Statements, including preparing, filing, and obtaining relief on a motion to extend the Debtor's time to file its Schedules and Statements.

52.    The following is a breakdown of the professionals and paraprofessionals who provided services in this project category during the Application Period:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 10.8 | $4,320.00 |
| Joy L. Monahan | Associate | 1997 | Restructuring | $375.00 | 1.0 | $375.00 |
| **Total** | | | | | **11.8** | **$4,695.00** |

**M.    Supplier and Vendor Issues – Matter No. 23
(Fees: $8,010.00; Hours: 22.5)**

53.    This matter includes time spent by Edwards Wildman professionals working with

the Debtor to stabilize its relationships with its suppliers and vendors following the commencement of this chapter 11 case.  As described above, during the Application Period, Edwards Wildman professionals worked with the Debtor's management to identify vendors with claims entitled to administrative expense priority treatment under section 503(b)(9) of the Bankruptcy Code.  Edwards Wildman then prepared, filed, and obtained relief on the 503(b)(9) Motion, which allowed the Debtor to pay its vendors' 503(b)(9) claims in exchange for continued trade credit and discounted trade terms consistent with the parties' prepetition practices.  Edwards Wildman professionals also assisted the Debtor in negotiating and documenting its agreements with its vendors regarding the payment of the 503(b)(9) claims and the continued trade and credit terms.

54.     The 503(b)(9) Motion was a critical component of the Debtor's post-filing stabilization efforts, as it allowed the Debtor to maintain its positive working relationships with its vendors, improved the Debtor's liquidity and preserved the Debtor's cash through the re-establishment of credit and trade terms.  The relief granted under the 503(b)(9) Motion helped ensure that the Debtor would have continued access to the products necessary to provide its customers with prompt delivery and installation services.

55.     The following is a breakdown of the professionals and paraprofessionals who provided services in this project category during the Application Period:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| David J. Fischer | Partner | 1977 | Restructuring | $625.00 | 0.5 | $312.50 |
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 15.7 | $6,280.00 |
| Yeny C. Estrada | Associate | 2009 | Restructuring | $225.00 | 6.3 | $1,417.50 |
| **Total** | | | | | **22.5** | **$8,010.00** |

**N.      Utility Issues – Matter No. 24**
**(Fees: $2,662.50; Hours: 7.4)**

56.      This matter includes time spent by Edwards Wildman professionals rendering services related to utility issues arising in connection with the chapter 11 case, including, without limitation, reviewing, responding to, and negotiating with utility providers with respect to adequate assurance requests and other issues and informal concerns and objections related to the Debtor's motion to establish adequate assurance procedures and deem its utility providers adequately assured.

57.      The following is a breakdown of the professionals and paraprofessionals who provided services in this project category during the Application Period:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 5.7 | $2,280.00 |
| Yeny C. Estrada | Associate | 2009 | Restructuring | $225.00 | 1.7 | $382.50 |
| **Total** | | | | | **7.4** | **$2,662.50** |

**O.      Tax Issues – Matter No. 25**
**(Fees: $3,610.00; Hours: 8.1)**

58.      This matter includes time spent by Edwards Wildman professionals analyzing the Debtor's tax attributes and the potential impact on those attributes of various potential structures for the Debtor's plan of reorganization.   During the Application Period, Edwards Wildman professionals worked to develop a plan structure that would allow the Debtor to preserve its prepetition net operating losses for application to post-restructuring income.   These efforts helped to ensure that the Debtor would continue to have the ability to make use of its $1.2 million in net operating losses following the Debtor's emergence from chapter 11, thereby maximizing the value of this asset and the Debtor's restructured enterprise more generally.

59.    The following is a breakdown of the professionals and paraprofessionals who provided services in this project category during the Application Period:

| Attorney | Position and Year Admitted | | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| Joseph Bender | Partner | 1993 | Tax | $500.00 | 3.7 | $1,850.00 |
| Phillip W. Nelson | Associate | 2004 | Restructuring | $400.00 | 4.4 | $1,760.00 |
| **Total** | | | | | **8.1** | **$3,610.00** |

60.    Furthermore, attached hereto as **Exhibit C**, for reference, is a separate summary of Edwards Wildman's fees and expenses incurred during the Second Interim Fee Period along with a summary, by project category, of the legal services rendered by Edwards Wildman attorneys and paraprofessionals during the Second Interim Fee Period.[3]

61.    In the ordinary course of its practice, Edwards Wildman maintains computerized records of the time spent by all attorneys and paraprofessionals in connection with Edwards Wildman's representation of the Debtor in this case.  Attached hereto as **Exhibit D** are copies of the attorney and paraprofessional time records, grouped by project category, for the services performed during the Application Period.  The records indicate: (a) the person who performed the services; (b) the narrative description of the services; (c) the amount of time spent, broken down in to one-tenth of an hour increments; (c) the rate charged for such services; and (d) the total fees incurred for such services.  In addition, each project category includes a list of each person providing services on the project, a statement of the number of hours spent, the rate charged for such services, and the amount of compensation requested for each person on the project.

---

[3]    A similar summary for the First Interim Fee Period was included with the First Interim Fee Application as Exhibit B thereto.

**Reasonable and Necessary Services Rendered by**
**Edwards Wildman During the Application Period**

62.     The foregoing professional services rendered by Edwards Wildman on behalf of the Debtor during the Application Period were reasonable, necessary and appropriate to the administration of the Debtor's chapter 11 case.

63.     Many of the services performed by partners and associates of Edwards Wildman were rendered by Edwards Wildman's Restructuring and Insolvency Group.  Edwards Wildman has a prominent practice in this area and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled companies.  The attorneys of Edwards Wildman have represented either the debtor or creditors in many chapter 11 cases.  In addition, due to the facts and circumstances of the Debtor's chapter 11 case, attorneys from Edwards Wildman's corporate, and real estate practice groups were involved with Edwards Wildman's representation of the Debtor.  These practice groups enjoy a national and international reputation for their expertise.  Overall, Edwards Wildman brings to this chapter 11 case a particularly high level of skill and knowledge, which inured to the benefit of the Debtor and its stakeholders.

64.     As set forth in detail in Exhibit D of this Final Application, multiple Edwards Wildman partners, associates, and paraprofessionals from various Edwards Wildman practice groups expended time rendering professional services on behalf of the Debtor and its estate.  As discussed more fully above, the vast majority of the legal services provided to the Debtor and its estate by Edwards Wildman are attributable to the work performed by attorneys in the Restructuring and Insolvency Group.

65.     During the Application Period, Edwards Wildman's hourly billing rates for the attorneys primarily responsible for managing the Debtor's chapter 11 case ranged from $225.00 to $655.00.  Allowance of compensation in the amount requested for the Application Period

24

would result in a blended hourly billing rate for attorneys of approximately $362.14 (based on 370.8 recorded attorney hours at Edwards Wildman's regular billing rates in effect at the time of the performance of services).  The hourly rates and corresponding rate structure utilized by Edwards Wildman in this chapter 11 case are equivalent to the hourly rates and corresponding rate structure predominantly used by Edwards Wildman for restructuring, workout, bankruptcy, insolvency and comparable matters, and similar complex corporate matters whether in court or otherwise.

<u>**Actual and Necessary Expenses Incurred by Edwards
Wildman During the Application Period**</u>

66.     Edwards Wildman has incurred a total of $5,214.75 in expenses on behalf of the Debtor during the Second Interim Fee Period, for a combined total of $10,072.03 during the Application Period.  An itemization of the various categories of expenses incurred during the Application Period is attached hereto as **<u>Exhibit E</u>**.

67.     Edwards Wildman states as follows regarding these expenses: Edwards Wildman charges $0.15 per page for internal copying or printing charges at its U.S. Offices but is only charging the Debtor $0.10 per page; Edwards Wildman charges for mailing and postage at the provider's cost without markup; and Edwards Wildman charges for computer research at the provider's cost without markup.  The basis for these rates is Edwards Wildman's calculation of the actual cost of these services.  These charges are intended to cover Edwards Wildman's direct operating costs, which costs are not incorporated into the Edwards Wildman hourly billing rates. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

68.     Due to the rate at which the Debtor obtained confirmation in this case, there were time constraints that required that some Edwards Wildman attorneys work late in the evenings

and on the weekends.  Pursuant to firm policy, these attorneys who worked late or on the weekends were reimbursed for their transportation costs.

69.     In addition, Edwards Wildman obtained external services that were essential to meet deadlines, provide adequate notice to the various creditors in this case, and satisfy the demands of the Debtor's business and ensure orderly administration of this case as the Debtor approached confirmation.

70.     Edwards Wildman's regular practice in chapter 11 cases is not to include components for those charges in overhead of purposes of setting its billings rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of providing legal services.  In this case, Edwards Wildman has made every effort to minimize its disbursements.  As a result, the actual expenses incurred by Edwards Wildman in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Debtor in this chapter 11 case.

### Edwards Wildman's Request Compensation and Reimbursement Expenses Incurred During the Application Period Should be Allowed

71.     Section 331 of the Bankruptcy Code Provides for interim compensation of professionals and incorporates the substantive standard of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement.

72.     In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

   a.     time spent on such services;

   b.     the rates charged for such services;

   c.     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

   d.     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

   e.     whether the compensation is reasonable based on the customary compensation charged by comparable skilled practitioners in cases other than cases under this title.

73.     In the instant case, Edwards Wildman respectfully submits that the services rendered during the Application Period for which it seeks compensation in this Final Application were necessary for and beneficial to the Debtor and its estate and were rendered to protect and preserve the Debtor's estate.  Edwards Wildman respectfully submits that the services rendered to the Debtor were performed economically, effectively, and efficiently and that the results obtained to date have benefited not only the Debtor but all stakeholders in the Debtor's chapter 11 case.  Edwards Wildman further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtor, its estate and all parties in interest.

74.     During the Application Period, Edwards Wildman attorneys and paraprofessionals spent a total of 400.25 hours, which services have a fair market value of $158,339.34 (prior to accounting for voluntary reductions).  Furthermore, as noted above, Edwards Wildman has

27

voluntarily agreed to reduce the fees incurred during the Application Period by $43,626.34, comprised of voluntary reductions in the amount of $5,167.50 for the First Interim Fee Period, voluntary reductions in the amount of $13,458.84 for the Second Interim Fee Period, and an across-the-top voluntary reduction of $25,000.00 to the fees sought for the Application Period, as an accommodation to the Reorganized Debtor. As demonstrated by First Interim Fee Application, the First Fee Order, and this Final Application and all of the exhibits submitted in support hereof, Edwards Wildman spent its time economically and without unnecessary duplication. In addition, the work conducted was carefully assigned to appropriate attorneys or paraprofessionals according to the experience and level of expertise required for each particular task. In summary, the services rendered by Edwards Wildman were necessary and beneficial to the Debtor and its estates, and were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved. Accordingly, Edwards Wildman respectfully submits that approval of the compensation and expense reimbursement sought herein is warranted.

## **Proposed Source of Payment**

75.     Edwards Wildman will be paid for the outstanding amounts under the First Interim Fee Application and for the fees and reimbursements incurred during the Second Interim Fee Period by the Reorganized Debtor from cash on hand.

## **Notice**

76.     Edwards Wildman has given at least twenty-one (21) days' notice the hearing, and a copy of the original Final Application, to all creditors of the Reorganized Debtor, the Office of the United States Trustee, and those parties that have requested that they receive notice of all matters in connection with this chapter 11 case via U.S. Mail. Edwards Wildman

respectfully requests that the notice of the hearing on this application be deemed sufficient pursuant to Fed.R.Bankr.P. 2002(a)(6) and 9007.

WHEREFORE, Edwards Wildman requests the entry of an order, substantially in the form of the Proposed Order: (a) allowing Edwards Wildman $114,713.00 in compensation for the Application Period on a final basis; (b) allowing Edwards Wildman $10,072.03 in expense reimbursement for the Application Period on a final basis; (c) authorizing and directing the Reorganized Debtor to pay Edwards Wildman the amount of $93,159.26, representing the unpaid fees and expenses allowed through this Final Application, as and when the Reorganized Debtor has sufficient funds on hand to pay such amounts; and (d) granting Edwards Wildman with such further relief as may be appropriate under the circumstances.

Dated: September 4, 2012

Respectfully submitted,

EDWARDS WILDMAN PALMER LLP

By:   _/s/Phillip W. Nelson_
        An Attorney of the Firm

David J. Fischer
Phillip W. Nelson
Joy L. Monahan
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive
Chicago, Illinois 60606
Telephone: 312-201-2575
Facsimile: 312-201-2555
dfischer@edwardswildman.com
pnelson@edwardswildman.com
jmonahan@edwardswildman.com
_Counsel to Olson Rug Company,_
_Reorganized Debtor_

**<u>Proposed Order</u>**