### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 Reorganization |
| OLSON RUG COMPANY,[1] | Case No. 11-29178 |
| Reorganized Debtor. | Honorable Carol A. Doyle |

**NOTICE OF MOTION**

TO: See attached Service List

  **PLEASE TAKE NOTICE** that on **Wednesday, November 14, 2012 at 10:00 a.m. Central Time**, or as soon thereafter as counsel may be heard, the undersigned will appear before United States Bankruptcy Judge Carol A. Doyle, or any other judge sitting in her stead, in Courtroom 742 in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached *Reorganized Debtor's Motion for Entry of a Final Decree Closing Case*, a copy of which is hereby served upon you, at which time and place you may appear as you see fit.

Dated: November 5, 2012

              Respectfully submitted,

              OLSON RUG COMPANY

              By: */s/ Phillip W. Nelson*
                 One of Its Attorneys

David J. Fischer
Phillip W. Nelson
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive
Chicago, Illinois 60606
Telephone: 312-201-2575
Facsimile: 855-587-1388
dfischer@edwardswildman.com
pnelson@edwardswildman.com
*Counsel to the Reorganized Debtor*

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number are: 6685. The location of the Reorganized Debtor's corporate headquarters is 832 South Central Avenue, Chicago, Illinois 60644.

## Service List

**Hard-Copy Service**

| | |
|---|---|
| Bruce Belson<br>1246 W. Neslon St., Apt. 1<br>Chicago, IL 60657 | Carpet Cushions & Supplies, Inc.<br>1520 Pratt Boulevard<br>Elk Grove Village, Illinois 60607<br>Attn: Jeffrey Karsen, President |
| Daltile Corporation<br>7834 C.F. Hawn Frwy.<br>Dallas, Texas 75217<br>Attn: Barbara Goetz | Dalyn Corporation<br>2386 Lakeland Rd.<br>Dalton, Georgia 30721<br>Attn: William L. Adams, CEO |
| Department of the Treasury, IRS<br>Centralized Insolvency Operations<br>P.O. Box 21126<br>Philadelphia, PA 19114 | Dex One Corporation<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801 |
| Fabrica International, Inc.<br>CT Corporation System<br>208 S. LaSalle St., Suite 814<br>Chicago, Illinois 60604<br>Attn: Registered Agent | Florstar Sales, Inc.<br>1075 Taylor Rd.<br>Romeoville, Illinois 60446<br>Attn: Scott Rozmus, President |
| Frame Hardwoods, Inc.<br>740 W. Industrial Dr.<br>Chelsea, Michigan 48118<br>Attn: David K. Frame | Dempster Harlem Venture, LLC<br>c/o Deborah M. Gutfeld<br>Neal, Gerber & Eisenberg LLP<br>Two North LaSalle Street, Suite 1700<br>Chicago, Illinois 60602 |
| Illinois Dep't Rev., Bankr. Sec.<br>Level 7-425<br>100 W. Randolph St.<br>Chicago, IL 60601 | Internal Revenue Service<br>Mail Stop 5010 CHI<br>230 S. Dearborn St.<br>Chicago, IL 60604 |
| Kancov Investment Limited Partnership<br>22750 Stansbury, Stuite 200<br>Farmington Hills, Michigan 48334<br>Attn: Michael N. Roth | Kane Carpet<br>125 North Industrial Blvd.<br>Calhoun, Georgia 30701<br>Attn: Herb Frank, President |

| | |
|---|---|
| Kraus U.S.A., Inc.<br>160 Amsler Avenue<br>Shippenville, Pennsylvania 16254<br>Attn: Richard Martin, Vice President | L.W. Mountain Hardwood Floors, Inc.<br>1615 Dundee Ave., Suite C<br>Elgin, Illinois 60120<br>Attn: Tom Miessler, COO |
| The Leaders Bank<br>2001 York Road, Suite 150<br>Oak Brook, IL 60523<br>Attn: Bill Navolio, EVP and General Counsel | Masland Carpets, LLC<br>CT Corporation System<br>208 S. LaSalle St., Suite 814<br>Chicago, Illinois 60604<br>Attn: Registered Agent |
| Mohawk Carpet Corp.<br>c/o Joseph C. Marycz<br>Collections Specialist<br>160 South Industrial Blvd.<br>Calhoun, Georgia 30701<br>Ref No. 17556429 | Oriental Weavers U.S.A., Inc.<br>330 Middle View Dr.<br>Ringgold, Georgia 30736<br>Attn: Matthew Brownfield |
| Patrick S. Layng<br>U.S. Trustee (Region 11)<br>c/o Cameron Gulden<br>219 S. Dearborn St., No. 878<br>Chicago, IL 60604 | Bruce M. Belson<br>c/o Paul W. Ryan, Esq.<br>Law Offices of Eugene K. Hollander<br>230 W. Monroe, Suite 1900<br>Chicago, IL 60606 |
| Phenix Flooring<br>999 Enterprise Dr.<br>Dalton, Georgia 30721<br>Attn: Dwayne Bledsoe, Credit Department | Shaw Industries, Inc.<br>616 East Walnut Ave.<br>Dalton, Georgia 30722<br>Attn: Vance D. Bell, President |
| Tribune Media Group<br>c/o Tribune Media Services, Inc.<br>435 N. Michigan Ave., Suite 600<br>Chicago, Illinois 60611<br>Attn: David P. Eldersveld | The Leaders Bank<br>c/o Edmond M. Burke and Eileen M. Sethna<br>Chuhak & Tecson, P.C.<br>30 South Wacker Drive, Suite 2600<br>Chicago, Illinois 60606 |
| AT&T Corp.<br>c/o CT Corporation System<br>208 S. LaSalle St., Suite 814<br>Chicago, IL 60604<br>Attn: Registered Agent | AT&T Illinois<br>c/o CT Corporation System<br>208 S. LaSalle St., Suite 814<br>Chicago, IL 60604<br>Attn: Registered Agent |
| AT&T Mobility Services LLC<br>c/o CT Corporation System<br>208 S. LaSalle St., Suite 814<br>Chicago, IL 60604<br>Attn: Registered Agent | T-Mobile<br>c/o Illinois Corporation Service C<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703<br>Attn: Registered Agent |

| | |
|---|---|
| T-Mobile of Illinois<br>c/o Halawa Illinois Reg. Agent Ltd.<br>7000 W. 111th St. #102<br>Worth, IL 60482<br>Attn: Registered Agent | AT&T Long Distance Service<br>c/o CT Corporation System<br>208 S. LaSalle St., Suite 814<br>Chicago, IL 60604<br>Attn: Registered Agent |
| Commonwealth Edison Company<br>Attn: Veronica Gomez,<br>   Registered Agent<br>10 S. Dearborn Street, 49th Floor<br>Chicago, IL 60603 | The Peoples Gas Light and Coke Company<br>Attn: Timothy P. Walsh,<br>   Registered Agent<br>130 E. Randolph Dr.<br>Chicago, IL 60601 |
| City of Chicago Water Management<br>c/o Susana Mendoza, City Clerk<br>121 N. LaSalle Street<br>Chicago, Illinois 60602 | Nicor Gas Company<br>Attn: Paul C. Gracey, Jr.,<br>   Registered Agent<br>1844 Ferry Rd.<br>Naperville, IL 60563 |
| Martin Bourke<br>Village Administrator<br>Village of Bloomingdale<br>201 South Bloomingdale Road<br>Bloomingdale, IL 60108 | Jason Hayden, Village Treasurer<br>Village of Barrington<br>Village Hall<br>200 South Hough Street<br>Barrington, IL 60010 |
| Nordic Energy Services, LLC<br>Attn: Christopher D. Schuering,<br>   Registered Agent<br>506 Vermont<br>Quincy, IL 62301 | Shirley Ritzgerald<br>City Clerk<br>City of Highland Park<br>1707 St. Johns Avenue<br>Highland Park, IL 60035 |
| Village of Mundelein<br>c/o Esmie Dahlstrom, Village Clerk<br>440 E. Hawley St.<br>Mundelein, IL 60060 | Judith Dunne Bernardi<br>Village Clerk<br>Village of Norridge<br>4000 N. Olcott Avenue<br>Norridge, IL 60706 |
| City of Naperville<br>c/o Doug Krieger, City Manager<br>400 S. Eagle St.<br>Naperville, IL 60540 | Jane Quinlan, Village Clerk<br>Village of Oak Lawn<br>9446 S. Raymond Ave.<br>Oak Lawn, IL 60453 |

| | |
|---|---|
| Village of Skokie<br>c/o Marlene Williams, Village Clerk<br>5127 Oakton Street<br>Skokie, Illinois 60077 | North Shore Gas Company<br>Attn: Timothy P. Walsh,<br>   Registered Agent<br>130 E. Randolph Dr.<br>Chicago, IL 60601 |
| North Shore Sanitary District<br>Attn: Daniel M. Pierce, President<br>William Koepsel Drive<br>Gurnee, IL 60031 | Alarm Detection Systems Inc.<br>Attn: Robert A. Bonitas, President<br>1111 Church Road<br>Aurora, Illinois 60505 |
| Ascensus Inc.<br>Attn: Robert Guillocheau, President<br>200 Dryden Road<br>Dresher, Pennsylvania 19025 | Automatic Data Processing<br>Attn: Jonathan A. Cluck<br>One ADP Blvd.<br>Roseland, New Jersey 07068 |
| E.J. Welch Co., Inc.<br>c/o AT, Inc.<br>7700 Forsythe Blvd., Suite 1800<br>St. Louis, Missouri 63105<br>Attn: Registered Agent | Integrity Leasing & Financing, Inc.<br>Attn: Mark Gallagher, President<br>One Union Place, Suite 201<br>Dedham, Massachusetts 02026 |
| Information Resource Systems Corp.<br>Attn: John F. Dill, President<br>221 Danada Drive<br>Wheaton, Illinois 60189 | Mid-America Title Inc.<br>Attn: Thomas Kotel, President<br>1535 Newport Lane<br>Barrington, Illinois 60010 |
| Nourison Rug Company<br>c/o Nourison Industries, Inc.<br>5 Sampson Street<br>Saddle Brook, New Jersey 07663<br>Attn: Alex Peykar, President | NVZ, Inc.<br>Attn: Edward C. Peple, III, President<br>4401 Dominion Blvd., No. 210<br>Glen Allen, Virginia 23060 |
| Stanton Carpet Corp.<br>Attn: Solomon Cohen, CEO<br>211 Robbins Lane<br>Syosset, New York 11791 | Surfaces Transport, Inc.<br>c/o Nicholas Fiore, Registered Agent<br>6066 N. 76th Street<br>Milwaukee, Wisconsin 53218 |
| Victor Envelope Company<br>Attn: Louis A. Rascia, Registered Agent<br>55 W. Monroe Street, Suite 3550<br>Chicago, Illinois 60603 | Interface Americas<br>c/o Kathy French<br>1503 Orchard Hill Road<br>LaGrange, GA  30241 |

| | |
|---|---|
| Kancov Investment Limited Partnership<br>c/o Richard N. Golding<br>The Golding Law Offices, P.C.<br>The Boyce Building<br>500 N. Dearborn Street, Second Floor<br>Chicago, IL 60654 | Charles Schwartz<br>Retail Real Estate Manager<br>Verizon Wireless<br>1515 Woodfield Road, Suite 1400<br>Schaumburg, Illinois 60173 |
| Verizon Wireless<br>c/o Jeff Altshul<br>Ginsberg Jacobs LLC<br>300 South Wacker Drive, Suite 2450<br>Chicago, Illinois 60606 | |

**Electronic Case Filing System Service**

- Richard N Golding on behalf of Creditor Kancov Investment Limited Partnership
  rgolding@goldinglaw.net

- Deborah M Gutfeld on behalf of Creditor Dempster Harlem Venture, LLC
  dgutfeld@perkinscoie.com, docketchi@perkinscoie.com

- Patrick S Layng
  USTPRegion11.ES.ECF@usdoj.gov

- Paul W Ryan on behalf of Creditor Bruce Belson
  pryan@ekhlaw.com, sara@ekhlaw.com

- Eileen M Sethna on behalf of Creditor The Leaders Bank
  esethna@chuhak.com, rsaldivar@chuhak.com

**Certificate of Service**

  I, Phillip W. Nelson, an attorney, certify that I caused a copy of (a) the foregoing *Notice of Motion,* (b) the related *Reorganized Debtor's Motion for Entry of a Final Decree Closing Case* (the "**Motion**") to be served on the foregoing Service List via first class U.S. mail on November 5, 2012 and via the Court's ECF System on those parties entitled to electronic service.

| | |
|---|---|
| Date: November 5, 2012 | */s/Phillip W. Nelson* |
| | Phillip W. Nelson |
| | EDWARDS WILDMAN PALMER LLP |
| | 225 West Wacker Drive |
| | Chicago, Illinois 60606 |
| | Telephone: 312-201-2575 |
| | Facsimile: 855-587-1388 |
| | pnelson@edwardswildman.com |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 Reorganization |
| OLSON RUG COMPANY,[1] | Case No. 11-29178 |
| Reorganized Debtor. | Honorable Carol A. Doyle |

**REORGANIZED DEBTOR'S MOTION
FOR ENTRY OF A FINAL DECREE CLOSING CASE**

Reorganized debtor Olson Rug Company (the "***Reorganized Debtor***"), by and through its undersigned counsel, hereby moves this Court (this "***Motion***") for entry of a final decree, substantially the form attached hereto (the "***Proposed Final Decree***").  In support of this Motion, the Reorganized Debtor respectfully states as follows.

**<u>Jurisdiction</u>**

1. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper under 28 U.S.C. § 1408.

3. The statutory bases for the relief requested herein are section 350 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rule 3022-1 of the Local Bankruptcy Rules of this Court (the "***Local Rules***").

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number are: 6685.  The location of the Reorganized Debtor's corporate headquarters is 832 South Central Avenue, Chicago, Illinois 60644.

**Background**

I. **The Chapter 11 Case and Confirmation of the Plan**

4. On July 15, 2011 (the "*Petition Date*"), the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Reorganized Debtor continued in the management and possession of its business as debtor in possession throughout this chapter 11 case. No trustee or examiner has been appointed in this chapter 11 case. No committee has been appointed or designated.

5. On February 21, 2012, the Court entered an order [Docket No. 127] (the "*Confirmation Order*") that, among other things, confirmed the *Second Amended Plan of Reorganization of Olson Rug Company Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 124] (the "*Plan*").[2] In accordance with the terms of the Plan, the Plan became effective on **June 11, 2012** (the "*Effective Date*"), and the Reorganized Debtor caused notice of the occurrence of the Effective Date to be served on all creditors and parties in interest in this chapter 11 case.[3]

II. **Status of the Chapter 11 Case**

6. Since the Effective Date, the Reorganized Debtor has worked diligently to implement the Plan and conclude this chapter 11 case. The following provides the status of the chapter 11 case and distributions under the Plan.

---

[2] Capitalized terms used as defined terms herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

[3] *See Notice of (I) Order (A) Approving the Adequacy of the Disclosure Statement for, and (B) Confirming, the Second Amended Plan of Reorganization of Olson Rug Company Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of the Effective Date* [Docket No. 145].

2

7. *Implementation of the Plan*. On the Effective Date, among other things, all property of the chapter 11 estate vested in the Reorganized Debtor pursuant to Article IV.D of the Plan. The Reorganized Debtor's prepetition equity interests were cancelled, and the New Common Stock was issued to Highland Park, LLC. The Reorganized Debtor also caused an *Amended and Restated Certificate of Incorporation* to be filed with the Secretary of State for the State of Delaware and issued *Amended and Restated Bylaws*. The Reorganized Debtor has emerged from chapter 11 protection and has continue to operate its business and manage its property in the ordinary course.

8. *Funding of the Plan Escrow*. The Reorganized Debtor has established the Plan Escrow with Fifth Third Bank and has funded the initial Other General Unsecured Claims Distribution amount of $29,000.00 into the Plan Escrow pursuant to Article VII.C of the Plan. Pursuant to the terms of the Plan, the Reorganized Debtor will continue to fund $10,000 per year for four years on the anniversary of the Effective Date, or as soon as reasonably practicable thereafter, for distribution to Class 6 Unsecured ongoing Operations Claims and Class 7 Other General Unsecured Claims.

9. *Administrative Claims, Priority Tax Claims, and U.S. Trustee Statutory Fees*. The Reorganized Debtor has paid, and continues to pay, all Administrative Claims, Priority Tax Claims, and the U.S. Trutee's fees as and when those amounts come due.

10. *Cure Claims*. All Cure Claims have been paid pursuant to the Plan.

11. *Class 1 Other Priority Claims*. The Reorganized Debtor has paid or continued to honor all scheduled priority claims classified as Class 1 Other Priority Claims under the Plan. The only Class 1 Other Priority Claim filed in this case belonged to creditor Bruce Belson. On March 5, 2012, the Reorganized Debtor filed the *Debtor Olson Rug Company's Objection to*

3

*Proof of Claim No. 21 Filed by Bruce Belson* [Docket No. 128] (the "**Objection**"), which, among other things, objected to Mr. Belson's assertion of a $11,725 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. On April 12, 2012, the Bankruptcy Court sustained the Objection, and Mr. Belson appealed this Court's ruling to the United States District Court for the Northern District of Illinois (the "***District Court***"). On October 1, 2012, District Court Judge Ruben Castillo affirmed this Court's ruling on the Objection. *See generally Belson v. Olson Rug Co. (In re Olson Rug Co.)*, Case No. 12 C 4474, ____ F. Supp. 2d ___, 2012 WL 4513491 (N.D. Ill. Oct. 1, 2012); *see also* Docket No. 171. The deadline for Mr. Belson to appeal the District Court's ruling to the Seven Circuit Court of Appeals expired on October 31, 2012. *See* Fed. R. App. P. 4(a)(1)(A) and 6(b). Accordingly, distributions on all Allowed Class 1 Other Priority Claims have been made.

12. *Class 2 Other Secured Claims*. All Class 2 Other Secured Claims have been allowed and paid in full pursuant to the terms of the Plan.

13. *Class 3 Customer Deposit Claims* and *Class 4 Employee Independent Contractor Claims*. Pursuant to the Terms of the Plan, the Reorganized Debtor continues to honor all customer deposits and employee and independent contractor claims in the ordinary course of its business.

14. *Class 5 Prepetition Credit Agreement Claims*. Pursuant to the terms of the Plan, the Reorganized Debtor continues to make timely payments on the sole Allowed Class 2 Other Secured Claim in this chapter 11 case, held by the Prepetition Lender, The Leaders Bank.

15. *Class 6 Unsecured Ongoing Operations Claims* and *Class 7 Other General Unsecured Claims*. Following the Effective Date, the Reorganized Debtor worked with its creditors to resolve filed claims, including by the submission of amended claims or notices of

4

withdrawal of claims. As a result of these efforts, the Reorganized Debtor ultimately needed to file only one objection to an unsecured claim in this case—the Objection to Mr. Belson's claim, which reduced Mr. Belson's Class 7 Other General Unsecured Claim from $344,504.13 to $49,193.13.

16. As a result of the negotiated reductions to claims described above and the Objection, the total recovery for Allowed Class 6 and Class 7 Claims will be substantially increased. Originally, the Reorganized Debtor estimated that Class 6 Unsecured Ongoing Operations Claims would received distributions from the 5.7 percent to 14.38 percent on allowed claims, while Class 7 Other General Unsecured Claims would received distributions estimated between 5.7 percent and 7.5 percent on the allowed amount of their claims.[4] Now, however, the Reorganized Debtor estimates that Allowed Class 6 and 7 Claims will receive distributions totaling approximately 33 percent of the allowed amount of such claims.

17. Pursuant to Article VII of the Plan, the Reorganized Debtor has made an initial distribution on Class 6 Unsecured Ongoing Operations Claims and Class 7 Other General Unsecured Claims. In accordance with Article VII.B.2 of the Plan, the Reorganized Debtor established reserves under the Plan Escrow to account for the full $344,504.13 asserted by Mr. Belson pending the resolution of his appeal with respect to the Objection. Now that the time for Mr. Belson to appeal the ruling of the District Court has expired, a further distribution from the remaining funds in the Plan Escrow will be made. The Reorganized Debtor will also continue to make further, *pro rata* distributions to Allowed Class 6 and 7 Claims in accordance with the Plan until the entire $69,000 of the Other General Unsecured Claims Distribution is depleted.

---

[4] *See Disclosure Statement for the First Amended Plan of Reorganization of Olson Rug Company Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 83], at p. 8.

5

18.     *Classes 8, 9, and 10.*  Pursuant to the Plan, Class 8 Insider Claims, Class 9 Equity Sponsor Lease Cure Claims, and Class 10 Equity Interests are not entitled to a distribution.

**Relief Requested**

19.     By this Motion, the Reorganized Debtor respectfully requests that this Court issue a final decree substantially in the form of the Proposed Final Decree closing this chapter 11 case pursuant to section 350 of the Bankruptcy Code and Bankruptcy Rule 3022.

**Basis for Relief**

**I.     Standard for Closing a Chapter 11 Case**

20.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Bankruptcy Rule 3022.

21.     The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules.  The Advisory Committee Notes to Bankruptcy Rule 3022, however, set forth the following non-exclusive list of factors to be considered to determine whether a case has been fully administered: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been transferred; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters and adversary proceedings have been finally resolved.

22. These six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). In particular, courts have held that open related adversary proceedings, for example, should not be enough to prevent closure of a bankruptcy case. *See, e.g., In re JMP-Newcor Inter'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (Barliant, J.) (where the only matters remaining are certain disbursements and an adversary proceeding, case can be closed); *In re McClelland*, 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007) (if an estate is otherwise fully administered, one adversary proceeding should not delay closing case); *In re Union Home & Indus., Inc.*, 375 B.R. 912, 918 (10th Cir. BAP 2007) (same). Courts have also found that it is not necessary to complete a final distribution under a plan of reorganization to close a case. *See, e.g., JMP-Newcor Inter'l*, 225 B.R. at 465; *Jay Bee Enters.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997).

## II. It Is Appropriate to Close the Chapter 11 Case.

23. The Reorganized Debtor's estate has been fully administered with in the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the chapter 11 case. The confirmation order became final and non-appealable on or about March 7, 2012. Moreover, the Plan has been substantially consummated: (a) the Reorganized Debtors have received the property to which they are entitled under the Plan; (b) the Reorganized Debtors have assumed the business and management of that property; and (c) the Reorganized Debtors have established the Plan Escrow and have made the other distributions called for under the Plan.

24. Furthermore, the Reorganized Debtor has worked diligently to resolve all disputed claims with respect to the Plan Escrow. Now that Mr. Belson's appeal with respect to the Objection has been resolved, all that remains at this stage is for the Reorganized Debtor to

continue funding the Plan Escrow pursuant to the Plan and to direct that the Plan Escrow make distributions to general unsecured creditors on account of allowed claims consistent with the Plan as those funds become available. Because the Plan contemplates that the Reorganized Debtor will contribute $10,000 per year for the next four years on the anniversary of the Effective Date, all distributions will not be completed for some time. However, as the case law set forth above makes clear, the fact that distributions will continue to be made does not prevent the court from entering a final decree and closing the chapter 11 case.

25. Moreover, leaving the chapter 11 case open will cause the Reorganized Debtors to incur substantial quarterly U.S. Trustee fees. *See* 28 U.S.C. § 1930. If the chapter 11 case is not closed, the Reorganized Debtor will be required to continue paying quarterly fees to keep the case open. These quarterly fees are a significant burden upon the Reorganized Debtor and (given the status of the chapter 11 case) are an inefficient use of resources. Accordingly, there is ample justification for entry of a final decree closing the chapter 11 case at this time.

[*Concluded on the following page.*]

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter a final decree substantially in the form of the Proposed Final Decree (a) closing this chapter 11 case and (b) granting such other and further relief as this Court deems appropriate.

Dated: November 5, 2012

                                                           Respectfully submitted,

                                                           OLSON RUG COMPANY

                                                           By: */s/ Phillip W. Nelson*
                                                                    One of Its Attorneys

David J. Fischer
Phillip W. Nelson
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive
Chicago, Illinois 60606
Telephone: 312-201-2575
Facsimile: 855-587-1388
dfischer@edwardswildman.com
pnelson@edwardswildman.com
*Counsel to the Reorganized Debtor*